STATE of Missouri, Respondent,

v.

Cornell SMITH, Appellant.

No. 50300.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 25, 1986.

Motion for Rehearing and/or Transfer
Denied April 1, 1986.

Application to Transfer Denied
May 13, 1986.

Deborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of burglary in the second degree and stealing

for which he was sentenced by the court as a persistent offender to two concurrent, ten year terms of imprisonment. We affirm.

Defendant questions submissibility. The convictions were based upon circumstantial evidence. While we view the evidence in a light most favorable to the state, we are also bound by the standard pertaining to circumstantial evidence cases. *State v. Goddard,* 649 S.W.2d 882, 884 (Mo. banc 1983). The facts viewed favorably to the state but limited by the circumstantial evidence standard are as follows:

On February 19, 1984, victims, husband and wife, temporarily left their locked home in St. Louis, Missouri. Thereafter, while on routine patrol, two police officers observed defendant carrying something across the front lawn of victims' home. Defendant approached and entered his red, 1972 Toyota parked nearby. The officers stopped their patrol car and requested that defendant get out of his car. Defendant falsely stated he was one Aaron Lovett. There were several personal property items from victims' home lying on the ground around defendant's car. The front door of victims' residence had been kicked in.

Inside defendant's car were several brief cases and a pillow case filled with personal property items from victims' home. Several items of jewelry and two watches missing from the victims' home were not recovered.

Eleven fingerprints were taken from inside victims' home and his car. Two fingerprints found on the car were positively identified as belonging to defendant. The others were inconclusive.

Defendant gave a statement after his arrest. He said his car had broken down about five o'clock a.m., and he was returning that afternoon to pick it up. He denied entering the victims' home and had no explanation as to his possession of their personal property. Defendant did not testify at trial.

Defendant was "caught with the goods" in front of a recently burglarized home.

There was no explanation as to his possession of the stolen goods. These facts form a sufficient basis for the convictions of burglary and stealing in a circumstantial evidence case. *State v. McGee,* 592 S.W.2d 886, 887 (Mo.App.1980) and *State v. McIntosh,* 559 S.W.2d 606, 608 (Mo.App.1977); and *State v. Arnold,* 566 S.W.2d 185, 188 (Mo. banc 1978).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.