**STATE of Missouri, Respondent,**

v.

**Kenneth SECREASE, Appellant.**

**No. 62973.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 24, 1993.

Lawrence E. Wines, James R. Stein, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his convictions for second degree burglary and felony stealing. We affirm.

On October 4, 1991, at approximately 9 a.m., Clarice Johnson observed a white male wearing a white shirt, blue jeans, and

white shoes enter a home at 7615 McKenzie across the street from her house. She knew the Lloyd family lived there. She also knew they had both left for work earlier in the morning. Being concerned, she called the police. While she was talking to the police, the white male left the house. He was then wearing a brown leather jacket. He began to walk north on McKenzie. Johnson went outside and observed the man get into a red and white Chevrolet truck with a white camper.

When the police arrived, Johnson gave them a description of the man and his truck. At that time, Johnson observed the red and white truck return and back into the driveway of the house. Johnson alerted the police. The truck quickly pulled out of the driveway and headed north on McKenzie with the officers in pursuit. Officer Michael Smith testified he and his fellow officers followed the truck, a red Chevy S–10 with a white camper, and activated their lights. After a brief time, the truck pulled over. Defendant was the driver of the truck. Officer Smith observed a brown leather jacket in the front seat of the truck. Once a burglary was confirmed, Smith arrested Defendant.

Smith brought Defendant back to 7615 McKenzie, the scene of the burglary. While Defendant was standing outside beside a police car, an officer drove Johnson past the residence. Johnson identified Defendant as the man she saw enter the residence earlier that morning.

A subsequent investigation of the residence at 7615 McKenzie revealed a television, VCR, video cassette case, and silverware chest and silver were stacked by the garage door. Mrs. Lloyd positively identified the jacket found on Defendant to be her Husband's jacket.

On December 20, 1991, the State charged Defendant by information with second degree burglary and stealing $150 or more. The State later filed an amended information charging Defendant as a persistent offender. A jury convicted Defendant on September 2, 1992. The trial court sentenced Defendant to concurrent terms of fifteen years' imprisonment.

On appeal, Defendant first argues the trial court erred in overruling his motion to suppress the pre-trial identification of Defendant by Clarice Johnson as unduly suggestive. Defendant also challenges the in-court identification by Johnson as unreliable.

A two-pronged test is applied to determine whether identification testimony is admissible: (1) whether the pretrial identification procedure was impermissibly suggestive; and (2) if so, what impact did the suggestiveness have on the reliability of the identification. *State v. Hornbuckle*, 769 S.W.2d 89, 93[6] (Mo. banc 1989); *State v. Gillis*, 812 S.W.2d 887, 892[10] (Mo.App. 1991). "Identification testimony will be excluded only when the procedure was so suggestive that it gave rise to a very substantial likelihood of irreparable misidentification." *Hornbuckle*, 769 S.W.2d at 93[7].

Regarding Johnson's pre-trial identification, Defendant contends displaying Defendant immediately after his arrest while he was wearing handcuffs and telling Johnson he was the man they had arrested was impermissibly suggestive. We disagree. Pre-trial "show-ups" are valid under Missouri law even where the subject is in handcuffs and the officers say Defendant is a suspect. *State v. Hoopingarner*, 845 S.W.2d 89, 93[12] (Mo.App.1993); *State v. Clark*, 809 S.W.2d 139, 142[3] (Mo.App. 1991); *State v. Hutchinson*, 740 S.W.2d 184, 187[3] (Mo.App.1987).

In addition, even if the procedure were unduly suggestive, Johnson's identification of Defendant was reliable. Reliability is assessed under a totality of the circumstances considering the following factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty of identification demonstrated by the witness; and (5) the length of time between the crime and the subsequent identification. *Hornbuckle*, 769 S.W.2d at 93[4, 5]; *State*

*v. White*, 790 S.W.2d 467, 472[5] (Mo.App. 1990).

Here, Johnson testified she observed the perpetrator for approximately 10 to 15 minutes. He was across the street from her house, a distance of approximately 150 feet. She looked through a big picture window and her view was unobstructed. The day was sunny and clear. The description she gave the police of the perpetrator matched the Defendant's description. Johnson identified Defendant as the perpetrator the same morning the crime occurred. Her pre-trial identification of Defendant is reliable.

Further, Defendant's contention the in-court identification was tainted by the suggestive pre-trial procedure must also fail for the same reasons. Johnson's in-court identification was reliable. Point denied.

In Point II, Defendant contends there is insufficient evidence to support his convictions because the circumstantial evidence fails to exclude any reasonable hypothesis of innocence. However, Defendant cites the incorrect standard. In *State v. Grim*, 854 S.W.2d 403, 405–408[2, 3] (Mo. banc 1993), the Supreme Court rejected the application of a different quantum of evidence for cases based on circumstantial evidence. The Court specifically rejected the standard cited by Defendant, finding a different standard was confusing and redundant. *Id.* Therefore, whether the evidence is direct or circumstantial, " 'appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.' " *Id.* at 405[1], *quoting State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

The record reveals sufficient evidence to convict Defendant of second degree burglary and felony stealing. Witness Johnson reliably identified Defendant as the man she saw entering the Lloyd residence on 7615 McKenzie. She further observed Defendant enter a red Chevy truck with a white camper shell. She positively identified the truck as the same one which later returned. That truck was pursued by officers. When it was pulled over,

Defendant exited the truck. Defendant had in his possession a brown leather jacket which Mrs. Lloyd positively identified as belonging to her husband. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.