**STATE of Missouri, Respondent,**

v.

**Gerald FYFE, Appellant.**

**Nos. WD 49727, WD 51279.**

Missouri Court of Appeals,
Western District.

May 21, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Becky Owenson Kilpatrick, Assistant Attorney General, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Gerald Fyfe appeals his conviction following a jury trial for first degree burglary, § 569.160, RSMo 1994, and sentence as a prior, persistent and class X offender, §§ 558.016, 557.036.4 and 558.019, RSMo 1994, of thirty years imprisonment. He also appeals the denial of his Rule 29.15 motion for postconviction relief after an evidentiary hearing.[1]

The judgment of conviction and the order denying the Rule 29.15 motion are affirmed.

## I. FACTS

At approximately 3:15 a.m. on December 27, 1993, Susan Wood awoke to the sound of her son coughing in the next room. Rising to check on him, she saw an intruder walk out of her son's bedroom. She immediately woke her boyfriend, David Cates, and told him that there was someone in the apartment. The intruder then came back down the hallway toward their bedroom. Ms. Wood and Mr. Cates both started toward the person. As the intruder reached the sliding glass door in the living room, he turned and said, "Stop or I'll kill you." Ms. Wood and Mr. Cates were approximately six feet from the intruder. Although they could not see the man's face, they observed that he was wearing a gray hooded sweatshirt jacket, light-colored pants, dark shoes and dark gloves. The intruder departed. Ms. Wood immediately called the police to report the burglary and described the intruder's clothing, sex and build.

Officer Michael Hasty received a report of the burglary and a description of the suspect at 3:22 a.m. Proceeding to the victims' apartment, Officer Hasty observed Mr. Fyfe's vehicle approaching him from the op-

Judith C. LaRose, Asst. Public Defender, Columbia, for appellant.

1. Mr. Fyfe has not raised a point of error in his brief regarding the motion court's denial of his Rule 29.15 motion for postconviction relief. His postconviction appeal, therefore, is abandoned. *State v. Simmons,* 861 S.W.2d 128, 130 (Mo.App. 1993).

posite direction. At the sight of the patrol car, Mr. Fyfe's vehicle made a zig-zag maneuver. The police officer transmitted the license plate number via radio and observed Mr. Fyfe as he passed the patrol car, noting that he was wearing a gray hooded sweatshirt. Officer Hasty then stopped Mr. Fyfe.

Approximately fifteen to twenty minutes after the burglary, Mr. Cates was taken to the intersection where Mr. Fyfe had been stopped and positively identified Mr. Fyfe as the intruder that he had seen, recognizing Mr. Fyfe's clothing and physical build. Ms. Wood was then taken to the same intersection after Mr. Cates returned to the apartment and she also identified Mr. Fyfe as the intruder.

After arresting Mr. Fyfe and transporting him to the police station, Officer Hasty returned to the crime scene. He found footprints that the intruder had made in the snow as he exited the victims' apartment. Photographs were taken of the footprints and sent, along with Mr. Fyfe's shoes, to the crime lab. Photographic overlays revealed that Mr. Fyfe's shoes exactly matched the tread design and size of the footprints left at the scene.

Finally, an audio line-up was conducted with the voices of six different men including Mr. Fyfe saying, "Stop or I'll kill you." Ms. Wood identified Mr. Fyfe's voice as the voice of the intruder. Mr. Cates, however, was unable to make a positive identification.

## II. ISSUES ON APPEAL

### A. Identification Procedure

■ In his first point on appeal, Mr. Fyfe claims that the trial court erred in overruling his motion to suppress his out-of-court identification by Susan Wood and David Cates. He argues that the identification procedure was unduly suggestive and conducive to mistaken identification.

■ The test for determining whether identification testimony is admissible is two-pronged: (1) was the pre-trial identification procedure impermissibly suggestive; and (2) if so, what impact did the suggestive procedure have upon the reliability of the identifi-

cation. *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989), *cert. denied*, 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989); *State v. Secrease*, 859 S.W.2d 278, 279 (Mo. App.1993). "Identification testimony will be excluded only when the procedure was so suggestive that it gave rise to a very substantial likelihood of irreparable misidentification." *Hornbuckle*, 769 S.W.2d at 93.

■ Reliability, rather than suggestiveness, is the linchpin in determining the admissibility of identification testimony. *Id.* Reliability is assessed under the totality of the circumstances considering the following factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Id.* Reliability of identification is greatly enhanced by returning a freshly apprehended suspect to the scene of an offense for prompt identification. *State v. Weaver*, 912 S.W.2d 499, 521 (Mo. banc 1995).

In this case, Ms. Wood and Mr. Cates observed the intruder in their apartment from a distance of only five or six feet. The apartment was illuminated by a light over the kitchen stove and a night light in the children's bedroom. Although they could not see the intruder's face because of the hood over his head, they observed his clothing and build and determined his gender. Clothing is an important part of the circumstances upon which an identification is based. *State v. Pettit*, 719 S.W.2d 474, 477 (Mo.App.1986). The description of the intruder given to the police immediately after the incident accurately described Mr. Fyfe when he was subsequently stopped one-half mile from the apartment. Ms. Wood and Mr. Cates then separately traveled to the arrest scene and positively identified Mr. Fyfe as the intruder, based on his clothing and build. This identification was made merely fifteen minutes after the burglary of their apartment while the intruder's characteristics were still fresh in their minds. The pretrial identification of

Mr. Fyfe, therefore, was reliable. Point one is denied.

### B. Sufficiency of the Evidence

■ In his second point, Mr. Fyfe claims that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence. He argues that the evidence was insufficient to prove beyond a reasonable doubt that he was the person who committed the burglary.

■ Review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to determining whether sufficient evidence was presented from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Silvey,* 894 S.W.2d 662, 673 (Mo. banc 1995); *State v. Idlebird,* 896 S.W.2d 656, 660 (Mo.App.1995). A reviewing appellate court views the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the state and disregards all evidence and inferences to the contrary. *Id.* It neither weighs the evidence nor determines the reliability or credibility of witnesses. *Idlebird,* 896 S.W.2d at 660–661.

A person commits the crime of burglary in the first degree when:

> he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime:
>
>    \*    \*    \*    \*    \*    \*
>
> (3) There is present in the structure another person who is not a participant in the crime.

§ 569.160, RSMo 1994.

In this case, the evidence was sufficient for the jury to find Mr. Fyfe guilty beyond a reasonable doubt of first degree burglary. Mr. Fyfe was apprehended only one-half mile from the crime scene, and he matched the description of the intruder given to the police by Ms. Wood. Within twenty minutes after the burglary, Ms. Wood and Mr. Cates separately identified Mr. Fyfe as the intruder. Furthermore, Mr. Fyfe's shoe size and sole design exactly matched the footprints left in the snow outside the apartment by the fleeing intruder. Finally, Ms. Wood identified Mr. Fyfe's voice in an audio line-up as the voice of the intruder. The trial court, therefore, did not err in overruling Mr. Fyfe's motion for judgment of acquittal at the close of the evidence. Point two is denied.

### C. Instruction

■ In his final point, Mr. Fyfe contends that the trial court erred in refusing to submit Defendant's Proposed Instruction No. A. Instruction No. A, modeled after MAI–CR3d 310.08, read:

> The presence of a person at or near the scene of an offense at the time it was committed is alone not sufficient to make him criminally responsible for the offense, although his presence may be considered together with all the evidence in determining his guilt or innocence.

This instruction is given only if the verdict directing instruction is patterned after MAI–CR3d 304.04, the accessory liability instruction. MAI–CR3d 310.08, Notes on Use 2. The refusal to give MAI–CR3d 310.08 is not error except in cases of accessory liability. *State v. Trujillo,* 869 S.W.2d 844, 847 (Mo. App.1994). Mr. Fyfe's case did not involve a second participant in the crime and accessory liability was not an issue. The trial court's denial of the instruction, therefore, was not erroneous. Point three is denied.

The judgment of conviction and denial of the motion for postconviction relief is affirmed.

All concur.