STATE of Missouri, Respondent,

v.

Gary MOORE, Appellant.

Gary MOORE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 66997, 68389.

Missouri Court of Appeals,
Eastern District.
Division Three.

June 11, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 24, 1996.

Rose M. Wibbenmeyer, Office of the State
Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Breck K. Burgess, Asst. Atty. Gen., Jefferson
City, for respondent.

GERALD M. SMITH, Presiding Judge.

Defendant appeals from a judgment following his conviction by a jury of burglary in the first degree and his sentence by the court as a class X offender to 15 years imprisonment. He also appeals denial of his Rule 29.15 post-trial motion but has raised no challenge to

that in this court and so has abandoned that appeal. We affirm.

The victim, Gwendolyn Sprull, was awakened in her home in the early morning hours by noises coming from the kitchen. She arose and walked into a hallway lit by a 100 watt bulb in the adjoining bathroom. She saw a man standing in the kitchen about ten feet away from her. She screamed and ran to her bedroom. Police who were patrolling the neighborhood were stopped by her husband and they interviewed Mrs. Sprull. She described the intruder as a light-skinned black male, roughly five foot six to eight wearing dark pants and a dark jacket.

Shortly thereafter other police officers came to the Sprull house and requested Mrs. Sprull to come with them to identify a suspect. She was driven to a location where she saw a black man wearing black pants and black shirt talking to police, without handcuffs. She stated he was not the man in her kitchen. Thereafter, she was requested to walk to another location to view a suspect caught by a police department dog. She went to the location where she saw a suspect handcuffed and surrounded by several policemen. She identified that suspect, the defendant, as the intruder.

■ Defendant raises two issues on appeal. The first is that the trial court erred in allowing into evidence the "show up" identification because defendant contends that it was impermissibly suggestive and there was substantial likelihood of misidentification. The crucial test for the admission of identification testimony is two-pronged: (1) was the pre-trial identification procedure impermissibly suggestive, and (2) if so, what impact did the suggestive procedure have upon the reliability of the identification. *State v. Horn-buckle*, 769 S.W.2d 89 (Mo.banc 1989)[6,7]. "Impermissibly" is a key word in the first prong of the test. "Identification will be excluded only when the procedure was so suggestive that it gave rise to a very substantial likelihood of irreparable misidentification." *Id.*

■ Pre-trial showups are valid under Missouri law even where the subject is in handcuffs and the officers say defendant is a suspect. *State v. Secrease*, 859 S.W.2d 278 (Mo.App.1993)[2]; *State v. Ballard*, 657 S.W.2d 302 (Mo.App.1983)[10]. We find nothing impermissibly suggestive about the show-up here. It occurred very shortly after the burglary and the witness knew she was to view a suspect, otherwise there was no reason to have her go to the location. She had been to an earlier show-up with a suspect fitting the description she had given and she stated that suspect was not the intruder. We find no error in the trial court admitting the evidence of the show-up.

■ Defendant's second point is that the trial court committed reversible error in precluding defendant from talking with his lawyer during trial. Prior to voir dire the court stated:

The other thing I want to tell Mr. Moore, get yourself a legal pad of something, because during the trial you're not going to be allowed to talk at counsel table. If you have anything to say to Mr. Brayer or one of his associates, you do that in writing, okay?

No objection was made at that time. Immediately prior to the commencement of the state's case counsel for defendant told the court that his client was having difficulty communicating by paper because he doesn't write very well, "He has a very limited ability to write". The court refused to permit oral conversations between defendant and counsel while the court was in session. It gave as its reason:

Let me tell you that, Mr. Brayer, he has communicated constantly, has been my impression, and that's why I told him at the hearing before we began with the jury that I want him to write, because he never stopped talking from the moment he got here until the end. I don't think its necessary for the defense. So he can do it by paper or not at all, okay?

The court also stated that defendant could orally discuss the case during recesses.

■ The trial court is vested with a great deal of discretion in the conduct of a trial carried on before it. *State v. Dunmore*, 822 S.W.2d 509 (Mo.App.1991)[2]. The trial court must maintain order and decorum and

exercise a general control over the trial. *Id.* A trial court's determination on how to run a courtroom will be reviewed only for abuse. *Geders v. United States,* 425 U.S. 80, 86, 96 S.Ct. 1330, 1334, 47 L.Ed.2d 592, 598 (1976).

We do not find that *Geders, supra,* or our recent decision in *State v. Futo,* —— S.W.2d ——, 1996 WL 133242 (No. 63922 Mo.App. March 26, 1996) require a finding of abuse of discretion here. Both of those cases involved complete denial of access to counsel for prolonged periods of time including lengthy recesses overnight. Such was considered a denial of the right to counsel in violation of the Sixth Amendment.

Here defendant was never precluded from communicating with counsel. The method by which he could do so during the trial itself was restricted to written communication. It is apparent from the court's statement, set forth above, that defendant's constant talking was distracting and disturbing. During recesses no restrictions were placed on defendant's communication with counsel, as was true in both *Geders* and *Futo.* The record does not indicate any occasions where counsel requested recesses to confer with the defendant which were refused. The record does not reflect that defendant's writing skills were so impaired that he could not have made known to counsel his need to ask for a recess to confer. We find no abuse of discretion in the trial court's actions designed to maintain dignity and decorum in the courtroom.

Judgment affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.