

# In the
# Missouri Court of Appeals
# Western District

DE'ANDRE J. COTHRAN,                )
                                    )
            Appellant,              )    WD76244
                                    )
v.                                  )    OPINION FILED:  July 15, 2014
                                    )
STATE OF MISSOURI,                  )
                                    )
            Respondent.             )

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Sandra Midkiff, Judge

Before Division Four:  Alok Ahuja, Chief Judge, Presiding, Cynthia L. Martin, Judge and
Wayne P. Strothmann, Special Judge

De'Andre Cothran ("Cothran") appeals the motion court's denial of his Rule 29.15 motion.  Cothran argues on appeal that the motion court clearly erred in denying his motion because he established that trial counsel provided ineffective assistance of counsel by failing to move to suppress out-of-court and in-court identifications.  We affirm.

## Factual and Procedural Background[1]

On June 28, 2007, Cothran robbed a Family Dollar store in Kansas City. He pointed a gun at the cashier and demanded money. The cashier called for the assistant manager to come and open the register. When Taquela Cooper ("Cooper"), the assistant manager, came to the register, she realized that she did not have her register keys and called for the store's manager, Johnny Harper ("Harper").

Harper came out of the office and tossed Cooper his keys. Cooper opened the register and put the money into a Family Dollar bag. She then began to cry. Cothran told her to stop crying, and in doing so, briefly exposed his face by pulling down the shirt that had been covering it. Because the store's safe had a five minute delay, Cothran just took the money from the register and left. After waiting a few minutes, Harper went outside to see where Cothran went. He found Cothran near the store's dumpster. Cooper joined Harper and they both saw Cothran take off his jacket and run down the street.

When the police officer responding to the 911 call arrived, Harper told him where Cothran had gone and gave a description. The officer found Cothran, and with gun drawn, commanded him to stop and get on the ground. Cothran lied, saying that he was a juvenile, and then ran. After a short manhunt, Cothran was arrested. He lied again, giving a false name and date of birth. When they searched Cothran, officers found over $200, some of it in a Family Dollar bag. Police officers also secured the area and searched for other evidence. They found some clothes and a gun.

---

[1] We view the evidence presented at trial in the light most favorable to the verdict. *Dickerson v. State*, 269 S.W.3d 889, 890 (Mo. banc 2008).

A police officer drove Cooper by Cothran and she identified him as the robber. Cooper identified Cothran while he was handcuffed and after seeing officers take him out of a paddy wagon. Cothran was then taken back to the store for the other witnesses to identify. Each witness individually viewed Cothran. Like Cooper, Harper identified Cothran as the robber. He also saw Cothran in handcuffs and saw officers take him out of a paddy wagon. Downtown, a detective showed Harper and Cooper a single photo of Cothran. They both, again, individually identified Cothran as the robber. Cothran was charged with first degree robbery and armed criminal action.

After a jury trial, Cothran was convicted on both charges. He was sentenced to concurrent prison terms of twelve years and three years, respectively. Cothran appealed his conviction, which we affirmed.[2] Cothran then filed a timely Rule 29.15 motion. His amended motion alleged that trial counsel provided ineffective counsel by failing to move to suppress Harper and Cooper's identifications. The amended motion also incorporated Cothran's pro se claims. Following an evidentiary hearing, the motion court denied Cothran's motion.

Cothran appeals.

## Standard of Review

In a Rule 29.15 post-conviction case, we review the motion court's findings of fact and conclusions of law and determine whether they are clearly erroneous. *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010). We will only find the findings and conclusions clearly erroneous if, after reviewing the entire record, we are left with "a

---

[2] *State v. Cothran*, 345 S.W.3d 899 (Mo. App. W.D. 2011).

3

definite and firm impression that a mistake has been made." *Id.* We presume, however, that they are correct. *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013). Further, the movant has the burden of proving all "claims for relief by a preponderance of the evidence." *Id.* (quoting Rule 29.15(f)).

**Analysis**

Cothran's single point on appeal is that the motion court clearly erred in denying his Rule 29.15 motion because he established that trial counsel provided ineffective assistance of counsel by failing to move to suppress Harper and Cooper's out-of-court and in-court identifications. For an ineffective assistance of counsel claim to succeed, a movant must show that: (1) counsel's performance was deficient by falling below "an objective standard of reasonableness;" and (2) he or she was prejudiced by counsel's deficient performance. *Taylor v. State*, 382 S.W.3d 78, 80-81 (Mo. banc 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). We may address the *Strickland* prongs in either order and if one is dispositive, we need not consider the other. *Id.* at 81 (citing *Strickland*, 466 U.S. at 697).

In claiming ineffective assistance of counsel, Cothran argues that trial counsel's failure to move to suppress Harper and Cooper's identification testimony prejudiced him. A movant has been prejudiced when a reasonable probability exists that, but for counsel's deficient performance, the outcome of the trial would have been different. *Id.* (citing *Strickland*, 466 U.S. at 694). A reasonable probability means a probability sufficient to undermine confidence in the trial's outcome. *Id.* Cothran contends that trial counsel's motion to suppress the identification testimony would have likely been sustained,

4

creating a reasonable probability that the result of his trial would have been different.  To determine whether Cothran's claim of prejudice has merit, we must determine whether a motion to suppress the identification testimony, about which he complains, would have been successful.

When reviewing the admissibility of identification testimony, we first discern whether the identification procedure was impermissibly suggestive.  *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989).  If the procedure is suggestive, we then consider how it impacted the identification's reliability.  *Id*.  Reliability is the "'linchpin' in determining the admissibility of identification testimony."  *Id*. (citing *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)).  However, unless we find the identification procedure to have been impermissibly suggestive, we need not examine the identification's reliability.  *State v. Vinson*, 800 S.W.2d 444, 446 (Mo. banc 1990).

Identification testimony is only subject to exclusion when the procedures used were so suggestive that they created "a very substantial likelihood of irreparable misidentification."  *Hornbuckle*, 769 S.W.2d at 93.  In general, an identification procedure is unduly suggestive if the identification occurs **because** of the procedure or by police action and not because of the witness's recall.  *State v. Glover*, 951 S.W.2d 359, 362 (Mo. App. W.D. 1997).  Stated differently, identification procedures are not *per se* unduly suggestive, but must be shown to be so under the circumstances unique to each case.

Cothran argues that the identification procedures used in this case were unduly suggestive because both Harper and Cooper identified him: (1) while he was handcuffed;

5

(2) after they saw officers take him out of a paddy wagon; and (3) after the police had told them that someone was in custody and had asked them to determine if that person was the robber. However, it is not enough that Cothran was identified under these circumstances. Police "show-ups," like the ones used in this case, are not generally unduly suggestive. *State v. Williams*, 717 S.W.2d 561, 564 (Mo. App. E.D. 1986); *State v. Moore*, m, 467 (Mo. App. E.D. 1996) (holding that a show-up identification was valid even though the suspect was handcuffed). We have upheld identifications made while the suspect was *in* a paddy wagon. *See State v. Robinson*, 849 S.W.2d 693, 696 (Mo. App. E.D. 1993); *and State v. Smith*, 465 S.W.2d 482 (Mo. 1971). Moreover, we have concluded that identifications are not unduly suggested where the police tell a victim or witness that they have a suspect in custody and available for identification. *State v. Clark*, 809 S.W.2d 139, 142 (Mo. App. E.D. 1991).

Cothran fails to direct us to any evidence in the record supporting the conclusion that the procedures used in this case resulted in his identification, and were thus unduly suggestive. In fact, the evidence suggests to the contrary. Cooper testified that the police only told her that they had someone in custody and asked her if he was the robber. She was not told to pick someone and was not given instructions. Cooper further testified that the only reason she identified Cothran was because he was the robber. Likewise, Harper testified that he was only instructed by police to take a good look. He was not told that Cothran was the robber, but only asked if he was. Harper also testified that he identified Cothran because he was the robber. Finally, the officer that drove Cooper by Cothran testified that she did not tell Cooper to pick anyone out. She did not instruct or coach

6

Cooper. The officer only told Cooper to look on both sides of the street and to let her know if the suspect was the robber. Therefore, we find that neither the conduct of the police, nor the procedures employed, were unduly suggestive.

Even were we to conclude that the identification procedures were unduly suggestive, Harper and Cooper's identification testimony was reliable. Reliability is determined by looking at the totality of the circumstances. *Hornbuckle*, 769 S.W.2d at 93. In doing so, we consider the following factors:

> (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness'[s] degree of attention; (3) the accuracy of the witness'[s] prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.

*Id*. (citing *Manson*, 432 U.S. at 114). We weigh these factors against a suggestive procedure's impact. *Id*.

Here, both Harper and Cooper were able to observe Cothran in the store during the robbery for two or three minutes. Although his face was covered, except for when he exposed it while speaking to Cooper, both Harper and Cooper were able to see what Cothran was wearing. Immediately after the robbery, and just outside the store, both Harper and Cooper saw Cothran take his jacket off and leave the scene. They were only about twenty feet away from Cothran when they saw him outside in the daylight. While both Harper and Cooper testified that they looked at the gun because they were afraid, they also testified that they watched Cothran.

Additionally, when they saw him leave the scene, both Harper and Cooper saw Cothran in a white shirt and his hair was loosely or raggedly braided. When he was

7

spotted by the responding officer, Cothran had on a white shirt. Although the officer testified that Cothran had pigtails when he was arrested, Harper's description still allowed the officer to find and arrest Cothran. Harper and Cooper were also certain when they identified Cothran. Finally, Harper and Cooper identified Cothran the same day as the robbery. We conclude that Harper and Cooper's identification testimony was reliable.

Under the circumstances in this case, the identification procedures employed were not suggestive and in any event the identification testimony was reliable. It is thus implausible that a motion to suppress the identifications would have been sustained.[3] Cothran has not, therefore, established that he was prejudiced by trial counsel's failure to file a motion to suppress his out-of-court and in-court identifications by Cooper and Harper.

Moreover, regardless of the admission of the identification testimony, the remaining evidence establishing Cothran's guilt is overwhelming. He was found near the scene of the crime, he fled from police officers, and he lied to police, by initially telling them he was a juvenile and by giving them a false name and date of birth. *State v. Robertson*, 262 S.W.3d 285, 288 (Mo. App. W.D. 2008) ("'[P]resence of the defendant at the scene of the crime and his flight may be considered as indicia of guilt and will

---

[3]On this point we also note that trial counsel testified that he knew the case law on suppressing identification testimony was not promising for his client. He testified that he was unable to discover any facts to distinguish Cothran's case from prior cases. When reviewing the reasonableness of counsel's conduct, we are required to be deferential. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987) (citing *Strickland*, 466 U.S. at 689). A strong presumption exists that counsel's performance was reasonable and effective. *Johnson*, 406 S.W.3d at 899. To defeat this presumption, a movant must point to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id.* Because Cothran cannot establish that a motion to suppress would have been granted, Cothran has not established that trial counsel's conduct fell outside the wide range of professional competent assistance, and thus the performance prong of the *Strickland* standard. *State v. Maddix*, 935 S.W.2d 666, 672 (Mo. App. W.D. 1996) ("[C]ounsel will not be deemed ineffective for failing to file a meritless motion to suppress.").

8

support conviction when coupled with other circumstantial evidence showing active participation in the offense.'"); *State v. Smith*, 11 S.W.3d 733, 737 (Mo. App. E.D. 1999) ("False statements to police can give rise to an inference of guilty behavior."). When Cothran was arrested and searched, he was carrying over $200 in cash, some of it in a Family Dollar bag. *Robertson*, 262 S.W.3d at 288 ("[E]vidence such as defendant's possession of recently stolen property from a burglarized place supports an inference of guilt as to burglary and stealing offenses."). The police also found clothes in the area matching those worn by the robber. Some of these clothes were matched to Cothran through DNA evidence. Finally, a gun was found nearby, which both Harper and Cooper identified as the gun that was used during the robbery. The DNA found on the gun's trigger was a conclusive match to Cothran. There is no reasonable probability that the result of Cothran's trial would have been different had trial counsel successfully moved to suppress the identification testimony.

Cothran has not sustained his burden to establish that he was prejudiced by counsel's failure to file a motion to suppress his out-of-court and in-court identifications. Cothran's point relied on is denied.

## Conclusion

The motion court's judgment is affirmed.

_Cynthia L. Martin_
_____
Cynthia L. Martin, Judge


All concur

9