Jackie D. BLAKEY, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 29518.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 9, 2009.

Mark A. Grothoff, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Presiding Judge.

Jackie D. Blakey ("Movant") appeals from a judgment denying his Rule 29.15 motion for post-conviction relief on his convictions for the class A felony of murder in the second degree (§ 565.021), the class A felony of abuse of a child resulting in death (§ 568.060), and two counts of the class C felony of endangering the welfare of a child in the first degree (§ 568.045, RSMo Cum.Supp.2003).[1] In his direct appeal, this Court affirmed Movant's convictions. *State v. Blakey,* 203 S.W.3d 806 (Mo.App. 2006). The motion court's judgment found appellate counsel in Movant's direct appeal was not ineffective for not challenging the sufficiency of the evidence supporting Movant's convictions. We now affirm the motion court's denial of post-conviction relief.

■ On review of the denial of post-conviction relief pursuant to Rule 29.15, this Court reviews the entire record to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Anderson v. State,* 196 S.W.3d 28, 33 (Mo. banc 2006). Only in cases where we are left with a definite impression that a mistake has been made will we reverse the motion court's determination. *Id.*

Movant's convictions arose from the circumstances surrounding the death of a two-year-old child as a result of injuries he received. *Blakey,* 203 S.W.3d at 809–10. In Movant's sole point in this appeal, he claims that the motion court clearly erred in denying his motion for post-conviction relief because his appellate counsel on direct appeal was ineffective in failing to challenge the sufficiency of the evidence supporting Movant's convictions "in that

the evidence did not establish that [Movant] caused the injuries to the child." Movant argues that "[t]he evidence at trial did not establish how [the child's] injuries occurred, or who or what caused those injuries. There was no evidence presented of any action that [Movant] had actually taken that caused [the child's] injuries."

■ In response, the State argues that although appellate counsel did not explicitly challenge the sufficiency of the evidence of causation, it was, nevertheless, addressed and decided by this Court on direct appeal. There, Movant challenged the admission of alleged character and propensity evidence. This Court held that, even if evidence challenged by Movant was improperly admitted, Movant was not prejudiced because

> evidence of [Movant's] guilt in this case was strong. "Error which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong." *State v. Kriebs,* 978 S.W.2d 460, 467 (Mo.App. S.D.1998). [Movant] was the only person with Victim when he was injured. His explanation of what happened to Victim was inconsistent with Victim's injuries. The State established through expert testimony that Victim's injuries were consistent with the trauma one would receive in a severe automobile accident or a fall from a two-story building. Two experts testified that [Victim's] injuries were consistent with child abuse. Finally, with the severity of Victim's injuries apparent, [Movant] failed to seek medical treatment for Victim and threatened [child's mother] when she attempted to do so.

*Blakey,* 203 S.W.3d at 816. The State essentially argues that the explicit finding

---

1. References to rules are to Missouri Court Rules (2009), and references to statutes are to RSMo 2000, unless otherwise indicated.

that "evidence of [Movant's] guilt in this case was strong" had to necessarily include the implicit determination that substantial evidence existed in the record that Movant caused the child's injuries. Movant filed no reply brief; apparently, Movant cannot refute the State's argument. We agree with the State.

 " '[S]trong grounds must exist showing that appellate counsel failed to assert [an obvious] claim of error that would have required reversal had it been asserted[.]' " *Bryan v. State,* 134 S.W.3d 795, 799 (Mo.App.2004) (quoting *Parham v. State,* 77 S.W.3d 104, 106 (Mo.App. 2002)). Had Movant's appellate counsel asserted a claim that the evidence was insufficient to support Movant's convictions, Movant would not have prevailed because this Court's consideration of the evidence in the record and determination that "evidence of [Movant's] guilt . . . was strong" precluded a simultaneous determination that the causation element of each of Movant's convictions was not supported by substantial evidence. This Court cannot form a definite impression that a mistake has been made by the motion court where, as here, counsel cannot be deemed ineffective for failing to raise a non-meritorious claim on appeal. *Glover v. State,* 225 S.W.3d 425, 429 (Mo. banc 2007). Movant's point is denied.

The motion court's judgment denying Movant's Rule 29.15 motion for post-conviction relief is affirmed.

SCOTT, C.J., and RAHMEYER, J., concur.