**Maurice Cornelius RICHARDSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 31636.**

Missouri Court of Appeals, Southern District, Division Two.

Aug. 31, 2012.

Mark Allen Grothoff, Columbia, MO, for appellant.

Chris Koster, Attorney General, and, Robert J. (Jeff) Bartholomew, Jr., Assistant Attorney General, Jefferson City, MO, for respondent.

DON E. BURRELL, J.

Maurice Cornelius Richardson ("Movant") appeals the motion court's denial, after an evidentiary hearing, of the portion of his amended 29.15 motion that sought to set aside his first-degree robbery conviction. *See* section 569.020.[1] In a single

---

1. Section 569.020 states:

1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

(1) *Causes serious physical injury to any person;* or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

2. Robbery in the first degree is a class A felony.

point relied on, Movant claims the motion court clearly erred because Movant proved that his appellate counsel was ineffective "by failing to assert on direct appeal that there was insufficient evidence to support [his] conviction for robbery in the first degree." Finding no merit in the claim, we affirm the motion court's denial of post-conviction relief.

## Applicable Principles of Review

■ We review the motion court's order denying post-conviction relief to determine whether its accompanying findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). Such findings and conclusions are clearly erroneous only if our review of the entire record leaves us with the definite and firm impression "that a mistake has been made." *Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005); *Moss*, 10 S.W.3d at 511.

> In reviewing the sufficiency of the evidence in a court-tried criminal case, the appellate court's role is limited to a determination of whether the state presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty. "The Court examines the evidence and inferences in the light most favorable to the verdict, ignoring all contrary evidence and inferences."

*State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005) (quoting *State v. Niederstadt*, 66 S.W.3d 12, 14 (Mo. banc 2002)).

## Factual and Procedural Background

Following a November 2008 bench trial, the trial court found Movant guilty of robbery in the first degree and resisting arrest. It sentenced Movant as a prior and

persistent offender to serve concurrent sentences of eighteen years for robbery and seven years for resisting arrest. We affirmed Movant's convictions on direct appeal in *State v. Richardson*, 313 S.W.3d 696 (Mo.App. S.D.2010). The evidence adduced at Movant's trial as viewed in the light most favorable to the verdict was as follows.

On August 30, 2006, at approximately two-o'clock in the morning, an African American man wearing a ski mask entered a convenience store and demanded all the money in the register. The clerk handed the man assorted $1, $5, and $10 bills from the register. After the man exited the store, the clerk called 9-1-1.

Police responded to the call in less than a minute. At the clerk's direction, they proceeded down an alley in the direction the clerk said the robber had gone after leaving the store. From there, officers established a search perimeter. Within minutes, they located a vehicle traveling slowly on a road near the store with its headlights turned off. Officers pulled in behind the vehicle when it came to a stop. The driver exited—holding wads of cash in both hands—and began walking away from the officers, dropping money as he went.

The officers followed the driver, identified themselves, and ordered the man (later identified as Movant) to stop. At that point, Movant turned and began running away from the officers. Officers struggled to detain Movant, and they ultimately used a Taser to apprehend him. Through the window of the vehicle Movant had been driving, the officers saw clothing matching a description the store clerk had given them of clothing worn by the robber. They also observed a knife on the vehicle's front floorboard.

All statutory references are to RSMo 2000. All rule references are to Missouri Court Rules (2012).

The money Movant had dropped was small-denomination currency, like that taken in the robbery. Movant had white residue on the soles of his shoes that matched the gravel in the alleyway by the convenience store. The tread on his shoes also matched a footprint found on a mat outside the convenience store.

Officers then transported the store clerk to the scene of Movant's arrest, where he identified Movant as having the same physical build as the man who had robbed the store. He also identified the clothing and the knife found in Movant's vehicle as those that had been used during the robbery.

## Analysis

Movant's sole point asserts that his appellate counsel was deficient for failing to claim on direct appeal that the State's evidence was insufficient to support his first-degree robbery conviction.[2] We disagree.

"In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Because a movant must prove both deficient performance and resulting prejudice, "if he fails to satisfy either prong, we need not consider the other." *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997).

"The standard of review for a claim of ineffective assistance of appellate counsel is essentially the same as that employed with trial counsel; movant is expected to show both a breach of duty and resulting prejudice." *Helmig v. State*, 42 S.W.3d 658, 682 (Mo.App. E.D.2001) (citing *Mallett v. State*, 769 S.W.2d 77, 83 (Mo. banc 1989)). "Counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment." *State v. Jones*, 979 S.W.2d 171, 180 (Mo. banc 1998).

To support a [Rule 29.15] motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. *Moss*, 10 S.W.3d at 514 (quoting *Reuscher, III v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994)). Moreover, appellate counsel is not required "to raise every 'colorable' claim suggested by a client[.]" *Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *see also Lopez v. State*, 300 S.W.3d 542, 552 (Mo.App. S.D. 2009). As a result, the standard for establishing ineffective assistance of appellate counsel is a high one. *See Middleton v. State*, 80 S.W.3d 799, 808 (Mo. banc 2002).

The motion court's finding on Movant's claim was that

[c]ontrary to Movant's argument, the transcript of his trial and the summation of Judge Cordonnier's findings show

---

**2.** Movant's amended motion made additional claims not asserted in this appeal. The process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail," which Movant implicitly challenges in this appeal, is the same strategy employed by his current appellate counsel and is "the hallmark of effective appellate advocacy." *Howell v. State*, 357 S.W.3d 236, 247 (Mo. App. W.D.2012) (quoting *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986)).

there was sufficient evidence from which a reasonable finder of fact could have found Movant guilty beyond a reasonable doubt. As such, even had appellate counsel challenged the sufficiency of the evidence on appeal, the evidence viewed in the light most favorable to the verdict supported the convictions. This Court concurs with appellate counsel's conclusions that, in this case, sufficiency of the evidence was not a meritorious claim to raise on direct appeal.

This finding was not clearly erroneous.

■ Our review of the record reveals that Movant was apprehended in close proximity to the convenience store shortly after the robbery had taken place. Movant ran from the police after they had ordered him to stop, and he ultimately had to be subdued with a Taser. Movant was in possession of only small-denomination bills, and several of those bills fell from his hands as he ran from the police. Clothing matching the description of the clothing worn by the robber was found in Movant's vehicle after he abandoned it to flee on foot. Movant's shoe soles were covered in white gravel that matched the gravel found in the alleyway next to the store. Movant's shoe tread matched a footprint left on a mat outside the store. The store clerk said Movant's height and weight was similar to that of the masked man who had robbed the store and the clothing and knife found in Movant's vehicle as having been used in the robbery.

As both the trial and motion courts concluded, this evidence "accumulates in a very strong circumstantial case of guilt on behalf of [Movant]." The evidence was sufficient to allow a reasonable fact-finder to find beyond a reasonable doubt that Movant forcibly stole property (currency) from the convenience store and displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument while doing so. *See* section 569.020.1

and .1(4). As a result, an insufficiency claim on direct appeal would have lacked merit. "Failing to raise a nonmeritorious claim does not convict counsel of being ineffective." *Glover v. State*, 225 S.W.3d 425, 429 (Mo. banc 2007) (citing *State v. Nunley*, 923 S.W.2d 911, 924 (Mo. banc 1996)); *see also Blakey v. State*, 292 S.W.3d 572, 574 (Mo.App. S.D.2009).

Movant's point is denied, and the motion court's order denying post-conviction relief is affirmed.

JEFFREY W. BATES, J., DANIEL E. SCOTT, P.J., concur.