**Michael Lee ROYER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 32200.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 21, 2013.

Mark A. Grothoff, Columbia, MO, for Appellant.

Dora A. Fichter, Jefferson City, MO, for Respondent.

MARY W. SHEFFIELD, J.

Michael Lee Royer ("Movant") appeals the motion court's denial of his Rule 29.15 [1]

motion for post-conviction relief. He argues the motion court clearly erred in denying his claim that Matt Ward ("appellate counsel") was ineffective for failing on direct appeal to challenge the trial court's denial of Movant's motion to suppress an eyewitness identification. We disagree and affirm the motion court's denial of postconviction relief.

## Standard of Review

Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are presumed correct, and they will be found to be clearly erroneous only where a review of the record leaves this Court with the definite and firm impression that a mistake has been made. *Baumruk v. State,* 364 S.W.3d 518, 525 (Mo. banc 2012).

## Factual and Procedural Background

During the early afternoon of April 19, 2008, Deputy Christian Conrad of the Greene County Sheriff's Office ("Deputy Conrad") was involved in a high speed chase with a white, extended cab Chevrolet pickup truck. At the same time, a child support investigator from the Greene County Prosecutor's Office, Bobby J. Smith ("Smith"), was stopped at an intersection when he heard an engine revving. He looked up and saw a white extended cab pickup truck. The driver of the truck was a white male with long blondish-brown hair. As the truck passed, Smith and the driver of the truck looked at each other face-to-face. Smith had about three to five seconds to observe the driver of the pickup

truck. Smith turned on his radio and heard law enforcement broadcasts regarding a truck matching the description of the truck he had just seen.

Meanwhile, the pickup truck went through a field and crashed through a fence. Deputy Conrad was unable to keep up with the truck because of the rough terrain. Deputy Conrad lost sight of the vehicle as it turned back onto a main road. Other law enforcement officers later located the vehicle, but by then it had been abandoned.

Officers from the Springfield Police Department processed the abandoned truck. Behind the driver's seat, the police discovered a black duffel bag containing a shoe box. Inside the shoebox were twenty tickets issued to Movant. A latent fingerprint lifted from the driver's side door matched Movant's fingerprints.

Smith traveled several blocks to the location where officers had located the truck. Smith approached the officers and made contact with Lieutenant David Johnson of the Greene County Sheriff's Office ("Lieutenant Johnson"). Smith told Lieutenant Johnson what he had seen and gave Lieutenant Johnson a description of the driver of the white pickup truck. Lieutenant Johnson used the computer in his patrol vehicle to show Smith Movant's driver's license picture. This procedure occurred about fifteen minutes after Smith saw the white pickup truck speed past him. Lieutenant Johnson did not tell Smith anything before having Smith view the photograph. When shown the photograph, Smith did not hesitate, immediately identifying Movant as the man who had been driving the white pickup truck. Smith was very certain about the identification.

Movant was charged with one count of felony resisting arrest by fleeing. *See* § 575.150.[2] Movant filed a motion to suppress arguing the circumstances surrounding Smith's identification of Movant were inherently suggestive. The trial court denied the motion after a hearing.

Movant was tried on February 18 through 20, 2009. His attorney renewed the objection to the identification evidence at trial. The trial court overruled the objection. The claim was also included in the motion for new trial. The trial court denied the motion for new trial and sentenced Movant to seven years in the Department of Corrections. Movant's conviction was affirmed on appeal in a per curiam memorandum opinion. *State v. Royer*, SD29968 (Mo.App. S.D.2010).

Movant timely filed a *pro se* motion for post-conviction relief. The motion court appointed the public defender to represent Movant. Karl Hinkebein ("post-conviction counsel") entered his appearance on Movant's behalf and filed an amended motion for post-conviction relief. In the amended motion, Movant claimed, *inter alia*, that appellate counsel had been ineffective for failing to argue in Movant's direct appeal that the trial court erred in overruling the motion to suppress Smith's identification of Movant.

The motion court held an evidentiary hearing regarding the claims in the amended motion. The only evidence Movant presented regarding his claim of ineffective assistance of appellate counsel was appellate counsel's affidavit. In that affidavit, appellate counsel explained his decision as follows:

I did not raise such a claim because "show up" lineups are permissible in Missouri. "Although the road side 'show up' is not an ideal identification

procedure, it has long been an acceptable and approved identification procedure" in Missouri. *Paigo [Pargo] v. State*, 198 S.W.3d 685, 690 (Mo.App. S.D. 2006). *See State v. Weaver*, 912 S.W.2d 499, 521 (Mo. banc 1995); *State v. Bynum*, 680 S.W.2d 156, 158 (Mo. banc 1984). Furthermore, "[i]dentification testimony is admissible unless the pretrial identification procedure was unnecessarily suggestive *and* the suggestive procedure made the identification unreliable." *State v. Middleton*, 995 S.W.2d 443, 453 (Mo. banc 1999). I am not aware of a single case in Missouri where the courts found that a pretrial identification was found to be both unnecessarily suggestive *and* the suggestive procedure made the identification unreliable. Nothing about Movant's case led me to believe that it contained facts that would overcome this precedent. Therefore, I did not feel that such a claim had any merit. Other than this, I had no appellate strategy in not raising this claim.

The motion court denied Movant's claim, finding that appellate counsel's performance was reasonable as the claim would have been without merit. This appeal followed.

### Discussion

In his sole point on appeal, Movant argues he proved appellate counsel's decision not to brief a point based on the denial of the motion to suppress identification was unreasonable because (1) Smith had only a fleeting glimpse of the driver of the vehicle, (2) Lieutenant Johnson showed Smith only one photograph of the suspect, (3) Smith's description differed from the description provided by Deputy Conrad, and (4) appellate counsel stated he had no appellate strategy in not raising the claim.

2. All statutory references are to RSMo Cum. Supp. (2011).

Movant's claim is without merit because he failed to prove appellate counsel's actions were anything other than reasonable strategy. The standard for evaluating a claim of ineffective assistance of appellate counsel is the same as the standard for evaluating a claim of ineffective assistance of trial counsel. *Richardson v. State*, 386 S.W.3d 803, 806 (Mo.App. S.D. 2012). That is, the post-conviction movant must prove his attorney's performance fell below an objective standard of reasonableness and that his defense was prejudiced by that unreasonable performance. *Baumruk*, 364 S.W.3d at 525. Furthermore, "counsel's performance is presumed reasonable." *Id.* at 526.

To overcome that presumption in the context of a claim of ineffective assistance of appellate counsel, "the [m]ovant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Williams v. State*, 386 S.W.3d 750, 753 (Mo. banc 2012) (quoting *Taylor v. State*, 262 S.W.3d 231, 253 (Mo. banc 2008)). Nevertheless, "[a]ppellate counsel is not ineffective for failing to raise every non-frivolous claim on appeal but may use his professional judgment to focus on the most important issues." *Sykes v. State*, 372 S.W.3d 33, 41 (Mo.App. W.D.2012) (quoting *Barnes v. State*, 334 S.W.3d 717, 723 (Mo.App. E.D. 2011)). That is, "appellate counsel has 'no duty to raise every possible issue asserted in the motion for new trial on appeal, and no duty to present non-frivolous issues where appellate counsel strategically decides to winnow out arguments in favor of other arguments.'" *Baumruk*, 364 S.W.3d at 539 (internal citation omitted). Additionally, counsel will not be found ineffective for deciding not to raise a nonmeritorious claim. *Richardson*, 386 S.W.3d at 807. In fact, a post-conviction movant fails to prove counsel's performance is deficient when appellate counsel testifies he or she did not raise a particular issue because he or she believed it would be without merit. *See Sykes*, 372 S.W.3d at 41–42.

Here, Movant failed to present evidence that appellate counsel's decision was anything other than reasonable trial strategy. Appellate counsel explained he did not think a point on appeal regarding the denial of the motion to suppress would have been meritorious. That evidence was insufficient to overcome the heavy burden of proving counsel's performance was deficient. *See id.* As Movant failed to overcome the presumption that counsel's performance was effective, the motion court did not clearly err in denying Movant's claim.

Movant's sole point is denied.

### *Decision*

The motion court's judgment is affirmed.