

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| JOHN BILLINGSLEY, | ) | No. ED110098 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 1722-CC11498 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Christopher E. McGraugh |
| | ) | |
| Respondent. | ) | Filed: August 16, 2022 |

### Introduction

John Billingsley (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing. Movant argues the motion court erred in denying his request for post-conviction relief without an evidentiary hearing because he pleaded facts not refuted by the record, entitling him to relief on his claim that his trial counsel was ineffective for unreasonably failing to file a motion to suppress evidence of a photographic lineup. We affirm.

### Background

The State charged Movant with one count of the Class A felony of child kidnapping. At a 2017 jury trial, the State adduced the following evidence, as relevant to the issues raised on appeal. On January 8, 2016, A.W. was walking towards her elementary school

---

[1] All rule references are to Missouri Rules of Criminal Procedure (2018), unless otherwise indicated.

when a man approached her from behind and asked for help finding a cell phone in a vacant house. Although A.W. ignored him, the man grabbed A.W. by the wrist and dragged her into the vacant house. A.W. looked at the defendant and saw his face when he grabbed her. Inside the house, A.W. escaped the man's grip and ran to her school. When reporting her kidnapping to the police, A.W. described her kidnapper as having light caramel skin with black and gray facial hair, and wearing a long black overcoat, a brown winter hat, and black shoes. Although police went to the vacant house and canvassed the area, they did not find any suspects.

On January 14, 2016, when T.M., A.W.'s mother, was picking A.W. up from school, A.W. saw someone whom she thought might be her kidnapper leaving the same vacant house. T.M. drove towards the man, so that he was standing within four or five feet of the passenger seat of the vehicle, to allow A.W. to get a good look at him. A.W. recognized the man from the incident six days earlier, saying she had no doubt. T.M. called the police, who arrested the man later identified as Movant. After Movant's arrest, the local news released a story that included both a video of A.W.'s statement to news reporters and a picture of Movant. T.M. showed A.W. this news story when it aired, and A.W. recognized Movant from the picture in the news story.

In February 2017, Saint Louis Metropolitan police officers went to A.W.'s house to administer a photographic lineup. The photographic lineup included a picture of Movant and five other computer-generated photographs of men with the same physical characteristics as Movant. The investigating officer testified he intentionally delayed showing A.W. the lineup for over a year because A.W. had physically identified Movant from her mother's car on January 14, 2016, and he wanted more time to elapse before

2

presenting her with a photographic lineup. The investigating officer further testified he had no concerns that the delay affected A.W.'s memory, and he had no knowledge if A.W. had seen television news reports that included photographs of Movant. A blind administrator[2] presented the lineup to A.W., instructing both that A.W. should only make an identification if she was positive and that her kidnapper might or might not be pictured. A.W. identified Movant in the photographic lineup from his face and facial hair. The trial court admitted the lineup into evidence without objection.

After the trial, the jury convicted Movant of one count of child kidnapping, and the trial court sentenced him to ten years in the Missouri Department of Corrections. This Court affirmed Movant's conviction and sentence on appeal. State v. Billingsley, 572 S.W.3d 164 (Mo. App. E.D. 2019).

Movant prematurely filed a pro se motion for post-conviction relief under Rule 29.15. His appointed counsel untimely filed an amended motion and request for evidentiary hearing, arguing—as relevant to the issues raised on appeal—Movant's trial counsel was ineffective for unreasonably failing to move to suppress or otherwise object to A.W.'s identification of Movant. Movant further argued that the admission of this photographic lineup evidence, conducted one year after the incident and following substantial exposure to media coverage displaying images of Movant, resulted in prejudice to Movant, in that, but for its admission, there was a reasonable probability the outcome of the trial would have been different.

Appointed counsel later filed an affidavit and motion for the motion court to consider Movant's amended motion as timely filed. The motion court found appointed

---

[2] A blind administrator is an officer who is not involved in the investigation of the case and did not construct the photographic lineup, and therefore does not know which individual in the lineup is the suspect.

counsel abandoned Movant and accepted the untimely amended motion, noting the late filing of the amended motion was solely attributable to appointed counsel and was not the fault of Movant. The motion court then denied Movant's amended motion for post-conviction relief without an evidentiary hearing, finding Movant's trial counsel was not ineffective for failing to move to suppress or otherwise object to the lineup because such a motion would have been meritless. This appeal follows.

## Standard of Review

Appellate review of the trial court's action on a motion filed under Rule 29.15 is "limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." Rule 29.15(k). This Court will find error only if, after review of the entire record, we have a definite and firm belief that the motion court made a mistake. Jackson v. State, 205 S.W.3d 282, 284 (Mo. App. E.D. 2006). A movant is entitled to an evidentiary hearing on a Rule 29.15 motion only if: "(1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the record; and, (3) the facts alleged must establish prejudice." Williams v. State, 168 S.W.3d 433, 439 (Mo. banc 2005).

## Discussion

In his sole point on appeal, Movant argues the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because he pleaded facts, not conclusions, that were not refuted by the record and entitled him to relief. Specifically, he contends his trial counsel was ineffective for failing to file a motion to suppress the photographic lineup because, in the lineup, Movant was the only person A.W. had already

4

identified and A.W. had also seen pictures of Movant in the media prior to the lineup; and that, but for this error, the result of the trial would have been different. We disagree.

To obtain post-conviction relief based on ineffective assistance of counsel, a movant must demonstrate both deficient performance by counsel and prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); McFadden v. State, 619 S.W.3d 434, 445 (Mo. banc 2020). Deficient performance is measured in terms of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 688. We presume that counsel acted professionally and that any challenged action was part of counsel's reasonable trial strategy, and a movant must prove otherwise by a preponderance of the evidence. Joyner v. State, 421 S.W.3d 580, 581 (Mo. App. E.D. 2014). Prejudice requires a showing there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. In reviewing a claim for ineffective assistance, appellate courts are not required to examine both prongs: if a movant fails to satisfy the prejudice prong, we need not consider the performance prong, and vice versa. Sanders-Ford v. State, 597 S.W.3d 816, 819 (Mo. App. S.D. 2020).

"Identification testimony is admissible unless the pretrial identification procedure was unnecessarily suggestive *and* the suggestive procedure made the identification unreliable." State v. Middleton, 995 S.W.2d 443, 453 (Mo. banc 1999). If the procedure used to identify the defendant was a result of police action or procedure, and not from the witness' recollection of first-hand observations, then courts will find the procedure impermissibly suggestive. State v. Chambers, 234 S.W.3d 501, 513 (Mo. App. E.D. 2007). The burden is on the defendant to first establish that the police procedure was

impermissibly suggestive before it is necessary to determine whether the resulting identification was reliable. State v. Floyd, 347 S.W.3d 115, 125 (Mo. App. E.D. 2011); Chambers, 234 S.W.3d at 513. Incumbent on this analysis is that the challenged procedure be a *police* procedure; challenges to the admissibility of identification evidence cannot be based on non-police conduct. State v Butler, 642 S.W.3d 364, 372 (Mo. App. E.D. 2022) (when impermissibly suggestive actions were taken by victim's great-aunt and not police, defendant was unable to show that police procedures rendered identification unreliable).

Only if the defendant meets the burden of proving that police procedures were unduly suggestive will the courts consider the reliability of an eyewitness identification. See State v. Body, 366 S.W.3d 625, 630-31 (Mo. App. E.D. 2012). To make this determination, we consider: "(1) the opportunity of the witness to view the subject; (2) the witness'[] degree of attention; (3) the accuracy of any prior description given by the witness; (4) the level of certainty demonstrated by the witness in making the identification; and (5) the interval between the event and the identification procedure." Floyd, 347 S.W.3d at 125.

Here, Movant argues a reasonably competent attorney under the same or similar circumstances would have moved to suppress the photographic lineup as impermissibly suggestive, and that this failure prejudiced Movant. Movant contends he was a "repeat player" in the identification process, because he was the only person in the photographic lineup both whom A.W. previously identified in person and whom A.W. had seen in a news story that included his photograph. Based on these facts, Movant alleges that A.W.'s identification was unreliable, because it was not from her recollection of first-hand observations.

6

However, Movant's argument does not place at issue police conduct and therefore cannot form the basis of a challenge to the admission of the photographic lineup identification evidence. See Butler, 642 S.W.3d at 372 (challenges to admissibility of identification evidence cannot be based on non-police conduct); see also State v. Allen, 274 S.W.3d 514, 526 (Mo. App. W.D. 2008) (defendant must establish that police procedure was impermissibly suggestive before review of reliability of identification is necessary or appropriate).

The record shows that T.M., not the police, showed A.W. the news story that displayed Movant's photograph.[3]  Actions not taken by the police are not police procedures. See Butler, 642 S.W.3d at 372 (no error in admitting identification evidence when defendant did "not point to any actions or procedures conducted *by the police* that were impermissibly suggestive").

There is no evidence here that police engaged in impermissibly suggestive procedures. The photographic lineup included a picture of Movant and five computer-generated photos with the same physical characteristics as Movant. Before administering the photographic lineup, the blind administrator told A.W. that Movant might or might not be in the photographic lineup and that she must be positive before selecting a picture. This Court has held previously that a photo identification procedure is not unduly suggestive when the photo lineup depicted individuals that looked similar to the suspect and the

---

[3] Although Movant argues on appeal that A.W. "view[ed] countless images of [Movant] in the media" before she identified him in the photographic lineup, the record does not support this assertion. Rather, A.W. testified she saw the news segment after Movant's arrest in 2016 and T.M. likewise testified she showed the news segment to A.W. at the time of Movant's arrest. There is no evidence in the record that A.W. viewed the news segment more than once or that she viewed images of Movant around the same time as the February 2017 lineup.

detective informed the victim that the suspect may or may not be pictured.  See Body, 366 S.W.3d at 631; State v Polk, 415 S.W.3d 692, 697 (Mo. App. E.D. 2013).

Instead, A.W.'s identification here was a result of her first-hand recollection of events, notably recognizing Movant from his face and facial hair.  See Allen, 274 S.W.3d at 525 (initial identification by photo based solely on memory followed by a lineup identification is not impermissibly suggestive).  Because Movant has not established that the police procedures were impermissibly suggestive, this Court will not determine the reliability of the witness' identification.  See Sanders-Ford, 597 S.W.3d at 819.

Merely appearing in both a physical identification and a photographic lineup—or, to use Movant's phrase, being a repeat player—without more does not establish impermissibly suggestive procedures.  See Body, 366 S.W.3d at 631 (when lineups are neutral in creation and presentation, combination of both physical identification and photographic identification is not impermissibly suggestive "merely because the defendant is the only individual who appears in both lineups"); Chambers, 234 S.W.3d at 514.

Because A.W.'s identification did not stem from impermissibly suggestive police procedures, a motion to suppress the identification from the photographic lineup would not have been meritorious.  Trial counsel is not ineffective for failing to file a non-meritorious motion to suppress.  Royer v. State, 421 S.W.3d 486, 490 (Mo. App. S.D. 2013).  On these facts, the record refuted Movant's claim of ineffective assistance, and thus the motion court did not err in denying his claim without an evidentiary hearing.  See Booker v. State, 552 S.W.3d 522, 526 (Mo. banc 2018).  The motion court did not clearly err in denying Movant's amended motion for post-conviction relief.  See Rule 29.15(h).

Point denied.

Conclusion

The judgment of the motion court denying Movant's amended motion without an evidentiary hearing is affirmed.

_____
Gary M. Gaertner, Jr., P.J.

Robert M. Clayton III, J., and
John P. Torbitzky, J., concur.

9