**Mark MINICKY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 98731.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 18, 2013.

Mark A. Grothoff, Columbia, MO, for Appellant.

Chris Koster, Daniel N. McPherson, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Mark Minicky ("Movant") appeals from the judgment of the motion court that denied his motion for post-conviction relief under Rule 29.15. Finding no error, we affirm.

Movant was charged by amended information with statutory sodomy in the first degree. A jury convicted Movant on this count, and the trial court sentenced him to a term of ten years' imprisonment. This Court affirmed the judgment in *State v. Minicky*, 347 S.W.3d 509 (Mo.App.2011). Movant timely filed a motion for post-conviction relief pursuant to Rule 29.15. Appointed counsel filed an amended motion for postconviction relief alleging, among other things, that trial counsel was ineffective for failing to object to purported hearsay testimony from Amy Justus, a worker at Missouri Children's Division, that L.C., a friend of the victim, D.H., confirmed to her that D.H. had told her that inappropriate touching had occurred. The motion court held an evidentiary hearing on one of Movant's three claims in his amended motion, and did not hold an evidentiary hearing on the other two claims including the failure to object. The motion court issued findings of fact and conclusions of law. It found that Justus's testimony regarding L.C.'s confirmation about D.H. consisted of only a brief reference to that statement. The motion court also found that other evidence at trial, consisting of D.H.'s testimony, and the testimony of "multiple other witnesses" that D.H. told about the incident was admissible pursuant to section 491.075 RSMo 2000. It concluded that Justus's testimony about L.C.'s confirmation was "merely cumulative" to the other admissible testimony, and that no prejudice resulted from the admission of Justus's testimony. The motion court denied all of Movant's claims. Movant appeals.

Rule 29.15 governs the procedure for litigating claims of ineffective assistance of counsel where a defendant has been convicted of a felony. *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). A claim of ineffective assistance of counsel

has two parts. First, a movant must demonstrate that counsel failed to exercise the customary skill, care, and diligence of a reasonably competent attorney under similar circumstances. *Williams v. State*, 386 S.W.3d 750, 752 (Mo. banc 2012) (quoting *Johnson v. State*, 333 S.W.3d, 459, 463 (Mo. banc 2011)); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We presume that counsel acted professionally and that any challenged action was part of counsel's sound trial strategy. *Williams*, 386 S.W.3d at 752. Second, if the movant shows that counsel's performance was not reasonably competent, then movant must establish that counsel's deficient performance prejudiced him. *Id.* To satisfy the second part of this test, the movant must show that, had counsel not erred, there would be a reasonable probability that the result of the proceeding would have been different. *Id.* This Court does not need to address both components of the inquiry if the movant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052; *Sidebottom v. State*, 781 S.W.2d 791, 796 (Mo. banc 1989).

A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. Rule 29.15(h). *Williams*, 168 S.W.3d at 439.

Our review of the denial of post-conviction relief by a motion court is limited to the determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Williams*, 168 S.W.3d at 439. A motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court firmly believes that a mis-

take was made after it has reviewed the whole record. *Id.*

In his sole point relied on Movant contends that the motion court clearly erred in denying his motion for post-conviction relief under Rule 29.15 because the record leaves the definite and firm impression that he was denied effective assistance of counsel in that a reasonably competent attorney would have objected to the testimony of Justus that D.H.'s friend L.C. had confirmed to her that D.H. had told her about the inappropriate touching. Movant avers that this was improper hearsay testimony, and that he was prejudiced by the failure to object because it allowed the jury to consider that testimony. He asserts that had an objection been made there is a reasonable probability that the trial court would have sustained it, and without that testimony the result of the trial would have been different.

■ Assuming *arguendo* that trial counsel was ineffective for failing to object to Justus's testimony that L.C. confirmed that D.H. had told her that she had been touched inappropriately, Movant was not prejudiced thereby. D.H. testified that Movant touched her inappropriately. She went into more detail about the incident in her recorded video with Mindy Skaggs, a forensic interviewer at the Child Advocacy Center in Wentzville, Missouri. D.H. testified that the first person she told was L.C. On cross-examination of Justus, trial counsel asked if D.H. had advised her about discussing the incident with Movant with anyone other than L.C., and Justus replied that she understood D.H. spoke to L.C. and to D.H.'s mother. On cross-examination by trial counsel, Skaggs testified that D.H. told her that she spoke to L.C. about the incident a few days after it happened, and then told another friend. Lieutenant Douglas Stonebarger of the Warren County Sheriff's Department testi-

fied that Movant confessed to touching D.H.'s genital area and that his penis touched her leg, and that he made a written confession. This confession was entered into evidence.

There is not a reasonable probability that the outcome of the trial would have been different if trial counsel had objected to alleged hearsay testimony of L.C. by Justus and if the trial court had sustained such an objection. The motion court did not clearly err. Point denied.

The judgment of the motion court is affirmed.

SHERRI B. SULLIVAN, J., and GLENN A. NORTON, J., concur.