

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| SHANNON J. ROLLINS, | ) | |
| | ) | |
| Appellant, | ) | WD77074 |
| | ) | |
| v. | ) | OPINION FILED: February 3, 2015 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable W. Brent Powell, Judge

Before Division Three: Victor C. Howard, Presiding Judge, James E. Welsh, Judge and
Gary D. Witt, Judge

Shannon Rollins ("Rollins") appeals from the denial of his Rule 29.15[1] motion

following an evidentiary hearing. In his sole point on appeal, Rollins argues that his

appellate counsel provided ineffective assistance by failing to raise an open and obvious

claim of error that a reasonably competent attorney would have raised. Specifically,

Rollins argues that his appellate counsel failed to raise on direct appeal that Rollins did

not unequivocally waive his right to counsel. Rollins argues that, but for his counsel's

ineffectiveness, Rollins's direct appeal would have been granted on this basis and he

---

[1] All rule references are to Missouri Supreme Court Rules (2014) unless otherwise noted.

would have received a new trial. Because we agree with the motion court that appellate counsel appropriately chose not to raise a non-meritorious claim and further that Rollins's waiver of right to counsel was unequivocal, we affirm.

**Factual and Procedural History**[2]

## A. Underlying Facts[3]

On the evening of October 18, 2008, officers James Hopper and Warner Stumpenhaus of the Kansas City, Missouri, Police Department were patrolling a high crime area of the city. They spotted a white Pontiac van and entered its license plate number into their computer. The computer search revealed two outstanding warrants associated with the van. As soon as the officers saw the warrants, they activated the lights of their patrol car to stop the van. The van pulled over, and the driver and passenger immediately began to exit the vehicle. Out of concern for officer safety, the officers also immediately exited their vehicle. One officer approached the passenger, Rollins, while the other contacted the driver, Rollins's brother, Theron. The officers obtained identifying information from both men and entered the information into the patrol car's computer, which indicated each had outstanding arrest warrants.

After Rollins was placed under arrest, the officers searched him and discovered 5.45 grams of crack cocaine in his front right jacket pocket. Rollins admitted possessing the crack cocaine found in his pocket.

The State charged Rollins with second degree drug trafficking.

---

[2] We view the facts in the light most favorable to the jury's verdict. *Cothran v. State*, 436 S.W.3d 247, 250, n.1 (Mo. App. W.D. 2014) (citation omitted).
[3] Without further attribution, a portion of the statement of facts is taken from this court's unpublished memorandum. *State v. Rollins*, 353 S.W.3d 723 (Mo. App. W.D. 2011).

2

## B. Pre-Trial Proceedings

The issue of Rollins's waiver of his right to counsel first appeared during a case management hearing on February 16, 2010, before Judge Charles E. Atwell. The court opened the hearing by noting that Rollins had previously expressed a desire to represent himself. In addition to the general discussion of the problems of self-representation, the court also discussed the requirement that Rollins execute a written waiver of counsel should he choose to proceed *pro se*.

At a hearing on February 18, 2010, the court again explained Rollins's right to represent himself, the statutory requirement of a written waiver of counsel pursuant to Section 600.051,[4] and detailed the risks involved in representing himself. Rollins asked if he would be provided investigators to seek out witnesses regarding the charges. The court explained that the state provided those types of services through the public defender's office, but if Rollins was waiving his right to counsel, he would not be receiving those services through the public defender's office. Rollins made it clear that he did not trust the public defender's office and did not want it to represent him. Rollins asked about receiving appointed "co-counsel," to which the court indicated that he would not be afforded co-counsel or standby counsel if he were to proceed *pro se*.

Rollins asked if he would have full and adequate access to a law library. The court responded that it would work with Rollins on that issue. Rollins expressed that he could not make a decision to represent himself without a definite answer regarding access to the law library. The court took a recess to contact the Jackson County Jail to discuss

---

[4] All statutory references are to RSMo 2000 as currently supplemented unless otherwise indicated.

3

realistic access to the law library. The court eventually entered an order allowing Rollins twenty hours of access to the law library a week, which Rollins stated was "no problem." Rollins then signed the written waiver of counsel and acknowledged his signature in open court. Rollins told the court he had no other issues he wished to discuss and the hearing was adjourned.

On March 30, 2010, the court held a hearing on various motions including Rollins motion requesting standby counsel be appointed. The motion requested that standby counsel would not be "counsel of record, and will not do anything to interfere with the defendant's control of the defense." The court indicated it would probably deny the motion for standby counsel due to Rollins waiving his right to counsel, to which Rollins responded, "Okay."

On June 1, 2010, the court addressed several motions, including another motion regarding standby counsel and a motion to dismiss on the grounds that Rollins was not represented by counsel during the indictment. Rollins expressed to the court that he desired private counsel the entire time but was unable to afford it. The court reiterated to Rollins that he had been given the opportunity to obtain a public defender when he was indicted. The court *again* offered to appoint a public defender immediately to defend him. Rollins again refused to be represented by a public defender. In response, the court denied the motions to dismiss and access to standby counsel, stating,

> [Y]ou've had the chance on a number of occasions to be represented by the public defender, and you have chosen not to take their representation. So you have a right to one or the other; you don't have a right to both. So I'm going to deny the request for stand-by counsel.

4

## C. Trial Proceedings

Rollins's jury trial began on June 21, 2010. The court notified Rollins that it would inform the jury Rollins had been offered counsel but had chosen to exercise his right to represent himself. Rollins explained to the venire panel he chose to represent himself to address issues he believed a public defender would not, and stated, "it was my decision to do that…" Rollins reiterated in his opening statement, "I decided to represent myself in this case." The State charged Rollins with second degree drug trafficking and he was convicted of that charge by the jury.

After the jury returned its finding of guilt, Rollins agreed to have a public defender appointed to represent him regarding his motion for new trial. The court denied the motion and sentenced Rollins as a prior and persistent drug offender to ten years' imprisonment.

## D. Postconviction Proceedings

Rollins was represented by the public defender's office on his direct appeal and we affirmed his conviction. *Rollins*, 353 S.W.3d 723.

Rollins then timely filed a *pro se* Motion to Vacate, Set Aside, or Correct the Judgment and Sentence under Rule 29.15 on January 27, 2012. Counsel was appointed pursuant to Rule 29.15 and she filed an amended motion that claimed Rollins's direct appeal counsel rendered ineffective assistance of counsel by failing to raise an open and obvious issue: that he did not unequivocally waive his fundamental right to counsel.

The motion court held an evidentiary hearing on October 4, 2013. At the hearing, appellate counsel in Rollins's direct appeal testified that she did not pursue the issue as a

matter of strategy. Specifically, counsel testified that she felt this argument was certain to lose on appeal and that bringing such a claim would hurt her credibility with the appellate court. Counsel stated that she reviewed the trial transcript and found the movant's Sixth Amendment waiver of trial counsel to be clear and voluntary.

The motion court found appellate counsel's testimony to be credible and denied the claim, determining Rollins's waiver to be unequivocal and that counsel's decision not to raise the issue was a matter of appropriate strategy. The motion court also concluded that Rollins failed to demonstrate a reasonable probability that his conviction would have been reversed had the waiver issue been raised, and thus, failed to establish that he was prejudiced by counsel's actions.

### Standard of Review

Appellate review of a motion court's 29.15 ruling is limited to a determination of whether its findings of fact or conclusions of law of the motion court are clearly erroneous. Rule 29.15(k). The motion court's findings are presumed correct and will only be overturned if the ruling leaves the appellate court with a definite and firm impression that a mistake has been made. *Johnson v. State,* 406 S.W.3d 892, 898 (Mo. banc 2013) (citations omitted). The judgment should be upheld if the motion court's findings are sustainable on any grounds. *Swallow v. State,* 398 S.W.3d 1, 3 (Mo. banc 2013) (citation omitted).

6

The crux of Rollins's appeal is that his appellate counsel was ineffective for failing to argue in his direct appeal that Rollins did not knowingly and voluntarily waive his Sixth Amendment right to counsel.

To prevail on a claim of ineffective appellate counsel, Rollins must establish that: (1) the counsel failed to exercise the degree of care, skill, and diligence of a reasonably competent attorney under the circumstances; and (2) the alleged deficiency prejudiced Rollins. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the performance prong or the prejudice prong is not met, then we need not consider the other, as the claim of ineffective assistance of counsel must fail if either prong is not present. *Id.*

Rollins "must overcome the presumption that the challenged action was a sound trial strategy, adequate assistance was rendered, and all significant decisions were the result of reasonable professional judgment." *Mallow v. State*, 439 S.W.3d 764, 770 (Mo. banc 2014). Appellate counsel has the discretion to pick and choose claims to maximize the likelihood of success on appeal. *Sykes v. State*, 372 S.W.3d 33, 41 (Mo. App. W.D. 2012) (holding that appellate counsel was not ineffective for refusing to raise issue preserved for appeal as a matter of strategy). *See also Royer v. State*, 421 S.W.3d 486, 490 (Mo. App. S.D. 2013). Strategic decisions made by appellate counsel after a thorough investigation are virtually unchallengeable. *Baumruk v. State*, 364 S.W.3d 518, 531 (Mo. banc 2012).

To establish a claim of ineffective assistance of appellate counsel, a movant must establish that strong grounds "exist showing that [appellate] counsel failed to assert a

claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Richardson v. State*, 386 S.W.3d 803, 806 (Mo. App. S.D. 2012) (internal citations and quotation marks omitted).

During the evidentiary hearing on the motion, appellate counsel testified that, after reviewing the record in its entirety, she did not raise the issue of Rollins waiver of counsel because she thought it was "certain to fail," and, therefore, did not raise it as a matter of strategy. Specifically, counsel testified that "the record was clear that Mr. Rollins wanted to proceed *pro se* and that his waiver was knowing and voluntary." Because of this, appellate counsel felt raising this issue on appeal would result in her losing credibility with the appellate court. Rollins offered no evidence to the contrary. For these reasons, we find no clear error in our review of the motion court's ruling.

Additionally, Sixth Amendment jurisprudence and a thorough review of the record support appellate counsel's decision not to raise the waiver of counsel issue. Rollins's waiver is valid if his "invocation of the right [was] made unequivocally and in a timely manner, and the corresponding waiver of counsel [was] knowing and intelligent." *State v. Black*, 223 S.W.3d 149, 153 (Mo. banc 2007). Rollins *does not* dispute that his waiver was made timely, knowingly, and intelligently. Rollins's only argument is that his waiver was not unequivocal.

Rollins contends that his inquiries regarding investigators, access to a law library, and standby counsel before he signed his waiver of counsel show that his waiver was equivocal. Furthermore, Rollins argues his continued motions for standby counsel during

8

pre-trial conferences and references to standby counsel during *voir dire* establish that it was obvious from the record that Rollins's waiver of counsel was not unequivocal, and therefore, appellate counsel was deficient for not raising the open and obvious issue on direct appeal. We disagree.

"[W]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Wilkins v. State,* 308 S.W.3d 778, 783 (Mo. App. S.D. 2010) (citation omitted). Thus, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Wilkins,* 308 S.W.3d at 783.

Rollins made it clear throughout the proceedings that he refused to be represented by a public defender. While a criminal defendant enjoys "a constitutional right to legal counsel, he does not have an absolute right to be represented by counsel of his own choosing." *State v. Briggs*, 318 S.W.3d 203, 206 (Mo. App. W.D. 2010) (citation omitted). "The right to be represented by counsel of one's own choosing is qualified by the public's right to the effective and efficient administration of justice." *State v. Rice*, 249 S.W.3d 245, 251 (Mo. App. E.D. 2008) (citation omitted).

A defendant has the right to "proceed without counsel when he voluntarily and intelligently elects to do so." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (citing *Faretta v. Cal.*, 422 U.S. 806, 807 (1975)). Prior to trial, the court must alert the defendant of the perils of self-representation. *Faretta*, 422 U.S. at 835. The Missouri Supreme Court has declared it judicious for a trial court to not "proceed from one step to

9

the next until all questions were resolved in so far as possible" during a *Faretta* hearing. *Wilkins v. State*, 802 S.W.2d 491, 501 (Mo. banc 1991). *Faretta* hearings are designed so that the defendant is "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835 (citation omitted). Rollins's inquiries do not establish his waiver was equivocal, rather, the inquiries establish that the trial court held a proper *Faretta* hearing. Moreover, all of these inquiries came before Rollins voluntarily executed a written waiver of counsel, which is used to provide "objective assurance" that the accused intended to waive his right to counsel. *May v. State*, 718 S.W.2d 495, 497 (Mo. banc 1986); § 600.051.

Further, the record shows that Rollins's waiver was unequivocal despite his continued motions for standby counsel and attempts to alert the venire panel of that during *voir dire*. Rollins's motions explicitly demanded that standby counsel would not be "counsel of record, and will not do anything to interfere with the defendant's control of the defense." Rollins's desire for assistance after a valid waiver of counsel does not later render that waiver invalid. *See State v. Garth*, 352 S.W.3d 644, 651 (Mo. App. E.D. 2011) (holding that the trial court had the authority to deny a defendant counsel after the State rested its case and after the defendant had previously waived his right to counsel). Here, the trial court repeatedly offered to appoint the public defender to represent Rollins, an offer which was repeatedly rejected by Rollins. Rollins's own conduct during *voir dire* indicates that his waiver of counsel was, in fact, unequivocal.

10

Even if this issue had been properly raised and presented on direct appeal, the issue is without merit. Appellate counsel cannot be deemed ineffective for failing to raise a non-meritorious claim on appeal. *Glover v. State*, 225 S.W.3d 425, 429 (Mo. banc 2007) (citation omitted).

## Conclusion

The motion court did not err in denying Rollins's Rule 29.15 motion for post-conviction relief due to ineffective assistance of counsel. The judgment of the motion court is affirmed.

_____
Gary D. Witt, Judge

All concur