Daryl NIGRO, Appellant,

v.

STATE of Missouri, Respondent.

WD 77752

Missouri Court of Appeals,
Western District.

OPINION FILED: August 11, 2015

Mark A. Grothoff, Columbia, MO, for appellant.

Gregory L. Barnes, Jefferson City, MO, for respondent.

Before Division Three: Mark D. Pfeiffer, Presiding Judge, Gary D. Witt, Judge and Anthony Rex Gabbert, Judge

Gary D. Witt, Judge

Daryl Nigro ("Nigro") appeals the circuit court's judgment denying his motion for post-conviction relief pursuant to Rule 29.15 [1] following an evidentiary hearing in

---

1. All rule references are to Missouri Supreme Court Rules (2015).

the Circuit Court of Lafayette County.[2] He claims error in the motion court's rulings that: (1) trial counsel's alleged failure to file a motion to suppress certain physical evidence found in the building in which he was living did not prejudice Nigro, and (2) trial counsel's alleged failure to object to hearsay testimony did not prejudice Nigro. Because we agree with the motion court that Nigro cannot establish prejudice for either claim, we affirm.

### Factual Background [3]

On September 10, 2010, at 11:50 p.m., Officer Chris Chamberlin ("Officer Chamberlin") responded to a call regarding an audible alarm at Northwest Elementary School in Marshall, Missouri. Paul Edmonds ("Edmonds"), a neighbor made the call. After the alarm had sounded, Edmonds observed a person walking away from the school toward an automotive garage southeast of the school. It was raining. Officer Chamberlin arrived at the school at 11:52 p.m. and investigated the premises. A window was broken in the school's media room where media equipment and computers were kept. Inside, there was a muddy shoe impression and a screwdriver with a green handle on the floor. Officer Chamberlin also found blood on the wall of the media room next to the control panel for the alarm system, which later proved to be a DNA match for Nigro. Nothing was taken from the room or the school.

Yensi Flores ("Flores"), who lives nearby, also observed a man walking southeast away from the school in the direction of the automotive garage after hearing the

alarm. Flores identified the man as Nigro and indicated Nigro was staying at the automotive garage. The school had several video surveillance cameras surrounding the premises. These cameras recorded a male in dark clothing wandering the school grounds.

Officer Chamberlin and several officers went to the automotive garage to talk with Nigro. After several knocks, Nigro opened the door wearing only his underwear and was dripping wet. Nigro had cuts and abrasions on his arms and legs which were still bleeding. Nigro allowed the officers to come inside the building. Officer Chamberlin observed wet clothing, muddy boots, and a green screwdriver, similar to the one found inside the school, lying on an open tool box on the floor.

The officers seized the wet clothing and screwdriver as evidence and arrested Nigro. Nigro was taken to the Marshall Police Department for a twenty-four hour hold. See § 544.170.1.

The next morning, Nigro agreed to be interviewed by Detective William McMellen ("Detective McMellen") of the Marshall Police Department. Nigro was read his *Miranda*[4] rights prior to the interview. Nigro admitted to breaking the window and entering the school through the media room. Nigro said he needed money to get to Kansas City to see his ailing father; he also admitted to bringing the screwdriver found at the scene to the elementary school. Nigro said a man named Trent, with an unknown last name, approached him prior to the break-in and asked whether he wanted to be a part of a "hustle."

2. Nigro's conviction was affirmed on direct appeal in a per curiam order. *State v. Nigro*, 391 S.W.3d 920, (Mo.App.W.D.2013).

3. The facts are recited in a light most favorable to the verdict. *Ferguson v. State*, 325 S.W.3d 400, 404 n.2 (Mo.App.W.D.2010).

4. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Nigro inquired further and learned his role would be to break into the school and Trent would enter the school after Nigro gained entry. Nigro agreed to the plan and admitted to breaking in, unlocking the front doors, and then leaving the school through the front doors. Nigro signed a voluntary confession.

During Nigro's jury trial, Officer Chamberlin presented evidence of what Flores and Edmonds stated during the investigation; however, Flores and Edmonds did not testify. Nigro was convicted of burglary in the second degree in violation of section 569.170, and the court sentenced Nigro as a prior and persistent offender to twelve years in prison.

Nigro timely filed a *pro se* Rule 29.15 motion alleging ineffective assistance of counsel, which was later amended by appointed counsel. Nigro's amended motion alleged, *inter alia:* (1) trial counsel provided ineffective assistance of counsel by failing to file a pre-trial motion to suppress the physical evidence seized from Nigro's residence, and (2) trial counsel failed to object to Officer Chamberlin's testimony on the basis of hearsay. The court denied Nigro's motion following an evidentiary hearing.

Nigro timely appeals.

### Analysis

Nigro brings two points on appeal. First, he claims the motion court erred in finding that trial counsel's failure to file a motion to suppress evidence regarding the items seized from his residence did not prejudice him. Second, he claims the court erred in finding that trial counsel's failure to object to hearsay testimony did not prejudice him.

### Standard of Review

In a Rule 29.15 post-conviction relief case, we review the motion court's findings of fact and conclusions of law and determine whether they are clearly erroneous. *Johnson v. State,* 333 S.W.3d 459, 463 (Mo. banc 2011). "We will only find the findings and conclusions clearly erroneous if, after reviewing the entire record, we are left with a 'definite and firm impression that a mistake was made.'" *Cothran v. State,* 436 S.W.3d 247, 251 (Mo. App.W.D.2014) (citation omitted). We presume that the motion court's findings are correct. *Id.* (citation omitted). Our standard of review is the same for both points and will not be repeated below.

### Point I

In his first point, Nigro argues that the motion court clearly erred in denying his motion because trial counsel was ineffective for failing to raise an argument in a motion to suppress that the "physical evidence" found in his residence was the result of an unlawful warrantless search and seizure. Nigro argues that he was prejudiced because the motion would have been sustained, the improperly seized evidence would not have been admitted, and without it, a reasonable probability exists that the result would have been different.

To establish ineffective assistance of counsel, the movant must satisfy both parts of the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* the movant must show (1) that his attorney failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation, and (2) the failure to do so has prejudiced the movant. *Strong v. State,* 263 S.W.3d 636, 642 (Mo. banc 2008) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052).

Under the first prong, there is a strong presumption that trial counsel acted

professionally and that any challenged action or omission on behalf of trial counsel was part of trial counsel's trial strategy. *Strong*, 263 S.W.3d at 642. To succeed on an ineffective assistance of counsel claim, the movant must overcome this presumption and prove that trial counsel's acts or omissions fell outside the range of a professionally competent attorney. *Id.* In addition, claims of ineffective assistance of counsel will not lie where the conduct involves the attorney's use of reasonable discretion in matters regarding trial strategy, "and it is the exceptional case where a court will hold a strategic choice unsound." *Barton v. State*, 432 S.W.3d 741, 749 (Mo. banc 2014).

The prejudice prong is satisfied when it can be shown that, but for the trial attorney's poor performance, there is a reasonable probability the outcome of the proceeding would have been different. *Id.* If either "the performance prong or the prejudice prong is not met, then we need not consider the other, as the claim of ineffective assistance of counsel must fail if either prong is not present." *Rollins v. State*, 454 S.W.3d 380, 384 (Mo.App.W.D. 2015) (citation omitted). If the matter can be decided under the prejudice prong, that course should be followed. *Taylor v. State*, 382 S.W.3d 78, 81 (Mo banc 2012).

Second-degree burglary requires proof that the defendant knowingly entered unlawfully or knowingly remained unlawfully in a building or inhabitable structure for the purpose of committing a crime therein. § 569.170.1. "The elements of burglary in the second degree may be proved by circumstantial evidence." *State v. Jenkins*, 741 S.W.2d 767, 768 (Mo.App. E.D.1987) (citation omitted). "Proof of conduct before, during or after the offense are circumstances from which one's participation may be inferred." *Id.* at 768 (citation omitted). "Consummation of the intended crime of stealing is not essential to establishing that the intruder entered the building with the necessary intent to sustain the burglary charge." *State v. Haslar*, 887 S.W.2d 610, 614 (Mo.App.W.D. 1994) (internal citation and quotation marks omitted).

In this case, Nigro confessed to all of the elements of the crime. Nigro said that he entered the school because he needed money. Nigro said he entered the school as part of a hustle and the detective's understanding "was they were going to steal something." A window was broken into a room where multimedia equipment, computers and other electronic equipment were located and the alarm system had been tripped. Blood matching Nigro's DNA was on the wall next to the alarm control panel. Nigro admitted that he brought the screwdriver to the scene. When the officers contacted him, he was dripping wet and had fresh cuts that were still bleeding on his arms and legs.

Even if the items from his residence (the matching screwdriver and the wet clothing) had been excluded from evidence, Nigro's confession, his DNA located within the school where the break in occurred, and his appearance when the officers first contacted him (including being dripping wet and having fresh cuts) would have constituted overwhelming evidence of his guilt. Nigro has not established a reasonable probability that the outcome of the proceeding would have been different had the evidence at issue been excluded. *Barton*, 432 S.W.3d at 749. Accordingly, we need not analyze the performance prong. *Rollins*, 454 S.W.3d at 384.

Point I is denied.

## Point II

In his second point, Nigro argues that his trial counsel's failure to object on

grounds of hearsay to Officer Chamberlin's testimony regarding what Edmonds and Flores told him constituted ineffective assistance of counsel. Nigro argues that he was prejudiced because, had counsel objected, a reasonable probability exists that the trial court would have sustained the objection, and without the improper testimony, the result of the trial would have been different.

This Point is also subject to the two pronged analysis of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which will not be repeated herein.

▇▇▇▇ In criminal proceedings, the defendant has a right to confront witnesses that testify against him, and certain hearsay testimony violates this right. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). To succeed on an ineffective assistance claim based on counsel's failure to object, Nigro must show that (1) the objection would have been meritorious, and (2) the failure to object resulted in substantial deprivation of his right to a fair trial. *Hays v. State*, 360 S.W.3d 304, 312 (Mo.App.W.D. 2012). In *Johnson v. State*, the court noted that a failure to object is rarely found to be ineffective assistance of counsel. 330 S.W.3d 132, 139 (Mo.App.W.D.2010). Further, "[i]n many instances, seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes." *Bracken v. State*, 453 S.W.3d 866, 871 (Mo.App.E.D.2105) (citation omitted). "A trial counsel's failure to object is ordinarily trial strategy and therefore afforded considerable deference." *Shelton v. State*, 440 S.W.3d 464, 470 (Mo.App.E.D. 2014) (citation omitted).

The facts here are similar to those in *Minicky v. State*, 400 S.W.3d 899, 900 (Mo.App.E.D.2013). There, the movant asserted he had received ineffective assistance of counsel because his attorney failed to object to hearsay testimony regarding movant's incriminating actions. *Id.* During a police interview, the movant confessed to the crime and voluntarily signed a written confession. *Id.* at 901–02. The court detailed the overwhelming evidence against the defendant apart from the hearsay testimony in question and determined that there was not a reasonable probability that the outcome of the proceeding would have been different had counsel objected to the hearsay testimony and had it been sustained. *Id.* at 902. The court's reasoning was based, in part, on the movant's confession to the crime. *Id.*

Here, as in *Minicky*, even assuming that the hearsay statements would have been excluded, Nigro cannot establish prejudice. As in *Minicky*, despite the alleged error in the admission of hearsay testimony, there is not a reasonable probability of a different outcome at trial because of Nigro's confession to the crime and the overwhelming additional evidence of his guilt, as detailed above.

Point II is denied.

### Conclusion

The judgment of the motion court is affirmed.

All concur