In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

TRAVIS JAMES FOWLER, ) No. ED108902
 )
 Appellant, ) Appeal from the Circuit Court
 ) of Montgomery County
vs. )
 ) Honorable Jason H. Lamb
STATE OF MISSOURI, )
 )
 Respondent. ) FILED: May 18, 2021

 Introduction

 Travis James Fowler (“Fowler”) appeals from the motion court’s denial of his Rule

29.151 motion for post-conviction relief following a jury trial. In his sole point on appeal,

Fowler argues the motion court erred in denying his amended motion following an evidentiary

hearing because trial counsel was ineffective in failing to object to incriminating hearsay

testimony. Finding no prejudice from the deputy’s limited statement that Victim told her mother

about “an incident that happened during a friend’s party,” we hold the motion court did not err in

denying Fowler’s post-conviction motion. Accordingly, we affirm the judgment of the motion

court.

1
 All Rule references are to Mo. R. Crim. P. (2017), unless otherwise indicated.
 Factual and Procedural History

 The underlying offenses in this appeal arise from an incident occurring on October 10,

2015, for which the State charged Fowler with one count of statutory sodomy in the second

degree and one count of statutory rape in the second degree for having oral and vaginal sex with

Victim, who was then fourteen years old.

 Fowler and Victim were both drinking alcohol at a party at his home celebrating the

birthdays of Fowler and Victim’s friend (“Friend”). Friend’s boyfriend (“Boyfriend”), also a

friend of Fowler’s, was at the party. Fowler was turning twenty-two years old. Fowler, Victim,

and Boyfriend left the party together in Boyfriend’s truck to retrieve a device to play music from

Friend’s house. On the way back from Friend’s house, they stopped at a creek. Boyfriend got

out of the truck and went to urinate. At that point, Fowler forced Victim to perform oral sex on

him. Fowler then forced Victim to have vaginal sex with him outside the truck. As he was

returning, Boyfriend heard Fowler and Victim having sex, saw Fowler making sexual

movements, and saw Fowler and Victim pulling up their pants. Boyfriend told Fowler to stop

and said, “That’s like my little sister.” When they drove back to the party, Fowler encouraged

Victim to touch Boyfriend sexually as well, but Boyfriend told her not to do so. After returning

to the party, Victim vomited in the bathroom and then asked Friend to take her home instead of

staying the night with Friend as planned.

 Victim messaged her sister (“Sister”) what happened, and Sister told her to tell their

mother (“Mother”). Four days after the incident, Mother, Victim, and Sister went to the police

station to report the incident. Following an investigation, the State charged Fowler with second-

degree statutory sodomy and second-degree statutory rape.

 2
 The case proceeded to trial. During trial, Deputy Alex Brandt (“Dep. Brandt”) testified

that Mother, Victim, and Sister came to the police station to report the incident. Dep. Brandt

testified to the following exchange with Mother at the police station:

 State: What did [Mother] tell you?
 Dep. Brandt: She told me that her daughter told her about an incident that
 happened during a friend’s party while she was with her.2
 State: Was [M]other able to give you very much detail about that?
 Dep. Brandt: Not very much.
 State: Okay. She knew who was involved, though?
 Dep. Brandt: Yes, she had names.

 Trial counsel made no objection to Dep. Brandt’s testimony and conducted no cross-

examination of Dep. Brandt. Mother did not testify at trial. Dep. Brandt explained that after this

exchange with Mother, he asked Victim where the incident occurred, and then Victim made a

statement about sexual activities that happened. At that point, Dep. Brandt arranged for Victim

to be interviewed at the Child Advocacy Center (“CAC”).

 Dep. Brandt’s supervisor, Corporal Chris List (“Cpl. List”), investigated Fowler and

Boyfriend. Cpl. List testified that Fowler initially told him that he left the party with Victim and

Boyfriend but only for five minutes to go to Friend’s house and that they immediately returned to

the party. Fowler denied having sexual contact with Victim and knew that Victim was

approximately thirteen years old, the same age as his fiancée’s son. After arresting Fowler and

taking his statement, Cpl. List arrested Boyfriend and took his statement. Boyfriend told Cpl.

List that he, Fowler, and Victim went to get music at Friend’s house to take back to the party.

Boyfriend said that they stopped at a creek on the way back to the party, and that he saw Fowler

having sex with Victim on the other side of the truck. Boyfriend also informed Cpl. List that

Fowler told him to lie about having gone to the creek.

2
 For clarification, “[Mother] told me that [Victim] told her about an incident that happened during [Friend’s] party
while [Victim/Friend] was with [Friend/Victim].”
 3
 In addition to Victim, Sister, Friend, Boyfriend, and the two police officers, other

witnesses who were friends of the parties involved or who attended the party also testified at

trial. Fowler’s brother and fiancée testified during Fowler’s presentation of evidence, and

Fowler testified in his own defense. Fowler denied having sexual contact with Victim. Fowler

admitted to lying to Cpl. List when he said they went immediately back to the party after going

to Friend’s house rather than stopping at the creek. Cpl. List’s interview with Fowler was played

for the jury.

 At the close of all evidence, Fowler moved for acquittal, which the trial court denied.

The jury found Fowler guilty on both charges. Fowler subsequently moved for a new trial. At

the hearing on the motion for a new trial and sentencing, the trial court followed the State’s

recommendation and sentenced Fowler to seven years on statutory rape and five years on

statutory sodomy, with those sentences to run consecutive to each other for a total of twelve

years. Fowler testified he was not completely satisfied with trial counsel’s representation in that

she could have come to see him more and could have asked more questions. The trial court then

reopened sentencing in order for Fowler’s friends and family to offer statements. After hearing

the statements, the trial court resentenced him to the same sentence but ordered Fowler to receive

credit for time served. The trial court again reviewed with Fowler his post-conviction rights.

Fowler stated he was satisfied with trial counsel’s representation but noted his same complaint

from before. Fowler directly appealed from the trial court’s judgment, and this Court affirmed

his convictions in State v. Fowler, 518 S.W.3d 900 (Mo. App. E.D. 2017).

 Fowler then moved for post-conviction relief. In his amended motion, Fowler alleged

trial counsel was ineffective for not objecting to Dep. Brandt’s hearsay testimony that Mother

said Victim told her that an incident had occurred. Fowler claimed the testimony was

 4
unnecessary for identifying Fowler or for showing subsequent police action, but served only to

improperly bolster Dep. Brandt’s and Victim’s testimonies through Mother’s statements.

 The motion court held an evidentiary hearing. At the hearing, trial counsel explained that

she did not object to the hearsay testimony because she did not want to draw the jury’s attention

to the statement. The motion court subsequently denied Fowler’s amended Rule 29.15 motion

for post-conviction relief, finding trial counsel’s strategy was reasonable and that Fowler was not

prejudiced by the brief summation of Dep. Brandt’s conversation with Mother that contained no

details about the reported incident. Fowler now appeals.

 Point on Appeal

 In his sole point on appeal, Fowler contends the motion court erred in denying his Rule

29.15 motion for post-conviction relief following an evidentiary hearing because trial counsel

was ineffective in failing to object to incriminating double-hearsay testimony. Specifically, Dep.

Brandt testified that Mother informed him that Victim told her about an incident that happened at

a party. Fowler argues this hearsay testimony impermissibly created an inference of guilt and

corroborated Victim’s testimony that an incident actually occurred.

 Standard of Review

 Our review of a motion court’s ruling on a Rule 29.15 motion for post-conviction relief is

“limited to a determination of whether the findings and conclusions of the [motion] court are

clearly erroneous.” Rule 29.15(k). We will grant post-conviction relief only if we are “left with

a definite and firm impression that a mistake has been made.” McFadden v. State, 553 S.W.3d

289, 298 (Mo. banc 2018) (internal quotation omitted). In reviewing the record, we presume the

motion court’s findings of fact are correct and “defer[] to the motion court’s superior opportunity

to judge the credibility of witnesses.” Id. (internal citations omitted).

 5
 Discussion

 To prevail on a claim for post-conviction relief based on the ineffectiveness of trial

counsel, a movant must satisfy the two-prong standard set forth in Strickland v. Washington.

McFadden, 553 S.W.3d at 298 (citing 466 U.S. 668, 687 (1984)). A movant must satisfy both

prongs of the Strickland standard. Id. (citing Zink v. State, 278 S.W.3d 170, 175 (Mo. banc

2009)). A movant who fails to satisfy either prong by a preponderance of the evidence will not

be afforded post-conviction relief. Id.

 Under the first Strickland prong, a movant must show trial counsel “failed to exercise the

level of skill and diligence that a reasonably competent counsel would in a similar situation[.]”

Id. (internal quotation omitted). We strongly presume that trial counsel’s conduct was

reasonable and effective. Id. “To overcome that presumption of reasonableness, a movant must

point to specific acts or omissions of counsel that, in light of all the circumstances, fell outside

the wide range of professional competent assistance.” Id. (internal quotation omitted).

 Under the second Strickland prong, a movant must prove he was prejudiced by trial

counsel’s ineffective performance. Id. (internal citation omitted). “Prejudice occurs when there

is a reasonable probability that, but for [trial] counsel’s unprofessional errors, the result of the

proceeding would have been different.” Davis v. State, 486 S.W.3d 898, 906 (Mo. banc 2016)

(internal quotation omitted). “It is not enough for the [movant] to show that the errors had some

conceivable effect on the outcome of the proceeding . . . and not every error that conceivably

could have influenced the outcome undermines the reliability of the result of the proceeding.”

Strickland, 466 U.S. at 693 (internal citation omitted). When evaluating prejudice, “the question

is whether there is a reasonable probability that, absent the errors, the factfinder would have had

 6
a reasonable doubt respecting guilt.” McFadden, 553 S.W.3d at 299 (internal quotation

omitted).

 To prevail on a claim of ineffective assistance based on trial counsel’s failure to object to

inadmissible hearsay, a movant must show: “(1) the objection would have been meritorious, and

(2) the failure to object resulted in substantial deprivation of his right to a fair trial.” Nigro v.

State, 467 S.W.3d 881, 886 (Mo. App. W.D. 2015) (internal citation omitted). Here, the alleged

double-hearsay statement consisted of Dep. Brandt’s testimony that when Mother came to the

police station with her daughters, “[Mother] told me that [Victim] told her about an incident that

happened during a friend’s party[.]” Although Dep. Brandt related that Mother said she knew

the names of those involved in the incident, Dep. Brandt did not mention any specific names in

the challenged testimony. Mother did not testify at trial. In his Rule 29.15 amended motion and

on appeal, Fowler argues that the hearsay statement constituted ineffective assistance because it

permitted an inference of guilt and corroborated Dep. Brandt’s and Victim’s testimonies.

 A movant cannot prevail on appeal challenging the failure to object to hearsay testimony

merely by showing deficient performance by trial counsel; rather, a movant must also prove

prejudice. Strickland, 466 U.S. at 693; McFadden, 553 S.W.3d at 298 (citing Zink, 278 S.W.3d

at 175); Nigro, 467 S.W.3d at 886 (internal citation omitted); Riley v. State, 475 S.W.3d 153,

161 (Mo. App. E.D. 2014) (denying relief where the movant failed to show that any deficiency in

trial counsel’s failure to object to hearsay testimony prejudiced the movant). Here, we

acknowledge that trial counsel’s failure to raise the particular hearsay objection at issue, or

indeed to lodge any objection during the course of trial, may be indicative of deficient

performance. Nevertheless, even assuming arguendo that Fowler has satisfied the first prong of

the Strickland test, the trial court’s admission of Dep. Brandt’s statement was plainly not

 7
outcome determinative, and thus Fowler cannot demonstrate the necessary prejudice to prevail

on appeal. See Davis, 486 S.W.3d at 906; Riley, 475 S.W.3d at 161.

 A thorough review of the record fails to show the requisite prejudice resulting from Dep.

Brandt’s statement that Mother said Victim told her an incident occurred during a friend’s party

and that Mother knew the names of those involved. Fowler argues this hearsay testimony tended

to prove Fowler’s guilt by confirming that an incident actually occurred. Fowler notes that the

State relied on that evidence in closing argument. We are not persuaded. Dep. Brandt’s

statement was brief, nonspecific, and offered in the context of explaining how he learned about

the case when Mother came and spoke with him at the police station. In closing argument, the

State made no specific reference to the hearsay statement but mentioned Dep. Brandt’s name

only once among the list of many witnesses who came forward to testify. Further, while Fowler

maintains the hearsay statement was relevant to Victim’s delayed disclosure of the incident, the

record shows no one disputed that Victim reported the incident several days after it occurred.

Moreover, there was no dispute among the witnesses, including Fowler, that the three people

present at the creek when the incident occurred were Fowler, Victim, and Boyfriend. The only

dispute was whether Fowler had sexual contact with Victim. The record does not support

Fowler’s contention that the limited statement raised in this appeal led to a direct inference that

Fowler had sexual contact with Victim, nor was it shown to have impacted the outcome of the

jury’s verdicts. See Nigro, 467 S.W.3d at 886 (internal citation omitted); Riley, 475 S.W.3d at

161.

 In particular, Fowler contends the outcome of his trial was prejudiced because the

inadmissible hearsay testimony corroborated and bolstered Victim’s testimony, causing the jury

to believe Victim over Fowler in a credibility determination between their testimonies. Fowler’s

 8
prejudice argument is unavailing as it compares only Victim’s and Fowler’s testimonies, and

ignores the significant trial testimony and evidence from other witnesses. For example,

Boyfriend was present during the incident at the creek and testified that he heard Fowler and

Victim having sex by the truck, saw Fowler making sexual movements, and saw Fowler and

Victim pulling up their pants afterwards. Friend also testified about what she observed at the

party, both before and after Fowler, Victim, and Boyfriend left together. Friend and Sister

testified about the messages Victim exchanged with them about Fowler having sex with her.

Further, Cpl. List testified about Fowler’s and Boyfriend’s statements to the police about the

incident, including how Fowler initially lied to police about going to the creek rather than

immediately returning to the party. Fowler maintains that Dep. Brandt’s hearsay testimony

tipped the scales towards Fowler’s guilt, yet the evidence that Fowler lied to the police was

revealed first by Cpl. List, not Dep. Brandt. Given this ample evidence in the record, we

disagree with Fowler’s suggestion that the jury’s verdict was based solely upon its determination

of the credibility between Victim and Fowler such that Dep. Brandt’s brief hearsay statement

tipped the outcome against Fowler. Rather, in light of all of the evidence before the jury, we are

persuaded no prejudice resulted from trial counsel’s failure to object to this limited hearsay

statement. See Nigro, 467 S.W.3d at 886 (finding no prejudice from trial counsel’s failure to

object to hearsay testimony in light of the overwhelming evidence of the movant’s guilt);

Minicky v. State, 400 S.W.3d 899, 901–02 (Mo. App. E.D. 2013) (finding no prejudice from trial

counsel’s failure to object to hearsay testimony in which the victim told a friend that the movant

touched her inappropriately, given all of the other evidence including Victim’s detailed CAC

interview, other witnesses’ testimonies about Victim’s disclosure of the incident, as well as the

police officer’s testimony about the movant’s admissions).

 9
 Because Fowler cannot demonstrate that trial counsel’s failure to object to the hearsay

statement prejudiced the outcome of his trial, the motion court did not err in denying his

amended motion for post-conviction relief. See McFadden, 553 S.W.3d at 298 (citing Zink, 278

S.W.3d at 175); Nigro, 467 S.W.3d at 886; Riley, 475 S.W.3d at 161; Minicky, 400 S.W.3d at

901–02. The point is denied.

 Conclusion

 We affirm the judgment of the motion court.

 _______________________________
 KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
James M. Dowd, J., concurs.

 10